
2014CI05864_-P00016

## CAUSE NO. 2014-CI-05864

| | | |
|---|---|---|
| **THERESA JERRY** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § **37TH JUDICIAL DISTRICT** | |
| | § | |
| | § | |
| | § | |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY AND ROBERT** | § | |
| **VALDESPINO AS TRUSTEE, Et al.** | § | |
| | § | |
| **Defendants** | § **BEXAR COUNTY, TEXAS** | |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/26/2015 2:24:13 PM
KEITH E. HOTTLE
Clerk



## <u>ORIGINAL APPEAL OF MOTION TO SUMMARY JUDGMENT</u>

I, Theresa Faye Jerry, hereinafter "Plaintiff," a living, breathing woman, being over the age of twenty-one years, competent to testify, with first-hand knowledge do affirm, say and declare by my signature that the following facts are true, correct and complete to the best of my knowledge and belief.

1. That, Plaintiff is competent to state the matters included in her affidavit, has first-hand knowledge of the facts, and declares that to the best of her knowledge, the statements made in her affidavit are true, correct, complete and not meant to mislead;

2.) That, Regardless if deemed in-artfully plead must be held to a less stringent standard than formal pleading drafted by bar admitted attorneys and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims which would entitle them to relief [in nature of *Haines v. Kerner, 404 U.S., 519-521; Richardson v. Flemming, 651 F 2d at 368 (quoting Estelle v. Gamble, 429 U.S. 97, 97 S CT 285,*

**Document scanned as filed.**

*50 L. Ed. 2d. 251, (1976); Conley vs. Gibson, 355 US 41, 78 S CT 99, 2 L. Ed. 2d 80 (1957); Alexander v. Ware, 714 F. 2d 416 (1983); Hayes v. Western Weighing and Inspection Bureau, 838 F. 2d. 1434 (5th Cir 1988)].* Plaintiff's factual allegations in the text must be accepted as true along with any reasonable inferences that may be drawn therefrom. [in nature of *Ryland v. Shapiro, 708 F. 2d. 987 (5th Cir 1983)* Plaintiff's petition must not be read too narrowly but must instead be read **"liberally"** so that any inferences may be drawn there from in nature of *Bruce v. Wade 537 F. 2d 850 (5th Cir 1976).*

3. That, Defendants, Deutsche Bank National Trust Company and Robert Valdespino as Trustee, et al, is hereinafter referred to as "Defendants;"

4. Motions for Summary Judgment are granted based on there being no genuine issues of material fact in question. This case does have genuine issues of material fact in question, but the Plaintiff was not allowed to present the evidence bringing those facts into question. Plaintiff's previous Counsel should have submitted the relevant evidence, which was given to him by Plaintiff, but neglected to do so. The Judge assumed that the counsel for the Defense's allegations were factual without any specific evidence that counsel had some **perfected** security interest in Plaintiff's property therefore authorizing foreclosure. *Tex. Bus. & Comm. Code (UCC) §9.308* (e) provides that perfection of a security interest or other lien on real property secures a right to payment or performance. It Codifies that the **"MORTGAGE MUST FOLLOW THE NOTE." "Assignment of the Deed of Trust separate from the Original Wet Ink Signature Debt Instrument/Note has no 'force,'" it is a nullity.** Please see *Kluge v. Fugazy, 145 A.D.2d 537 (1988); Wells Fargo Bank N.A., v. Erobobo, 2013 N.Y. Misc. Lexis 1790 (April, 2013).*

Defendants allege to be the Holder of the Deed of Trust and the Note. Defendants have presented no undisputed factual legal evidence of their allegation, and that is an issue of material fact. Things that are similar upon its face are not the same (Fed. R. Civil P. 36 (a). (Maxims of Law). Under the best evidence rule, a copy may not be introduced until original is accounted for. (*Fed. Evid. R. 1003*). Plaintiff brings into question the authenticity of the certified copy of the Note, and hereby requests that the Defendants produce the **"Original Wet Ink Signature Debt Instrument/Note."** *Tex. Bus. & Comm. Code (UCC) §3.308.*

## MATERIAL FACTS

5.) On June 22, 2006 Plaintiff purchased real property which is located at 9930 Spruce Ridge Dr., with the **"Original Wet Ink Signature Warranty Deed of same date."** The lender was Argent Mortgage Company LLC, with Lawrence Young as Trustee, in the amount of $88,650.00 and a Deed of Trust was executed to close the transaction. **This "Originally" recorded; "Manually signed Warranty Deed" gives Plaintiff superior Title to the Property at 9930 Spruce Ridge Dr. converse, Texas 78109,** and disputes the Defendants claim that Plaintiff has no Title. (See Exhibit A).

6.) On August 1, 2006 Argent Mortgage Company placed Plaintiff's **Mortgage Note** in an Asset-Backed Pass-Through Certificate, Series 2006-M2 Pooling and Servicing Agreement, without Plaintiff's knowledge. (See Exhibit B).

7.) On August 17, 2006 Argent sold all its rights of the Mortgage and the Note to J.P. Morgan Securities and at that time Deutsche Bank National Trust Company was the Trustee of Argent. (See Exhibit B).

8.) In the Asset-Backed Pass-Through Certificates, Series 2006-M2, Pooling and Servicing Agreement, the year being 2006, the Office of the Comptroller of Currency purchased the

**Mortgage Note** to the property at 9930 Spruce Ridge Dr. Converse, Texas 78109, page 542 of the Asset-Backed Pass-Through Certificate, Series 2006-M2 Pooling and Servicing Agreement. (See Exhibit B).

9.) The Defendants' attest that the **Note is signed in Blank,** yet according to the Pooling and Servicing Agreement, pages 112 and nineteen (19) others state, **"Unless the certificate of authentication hereon has been executed by the Certificate Registrar, by <u>manual signature,</u> this Certificate shall <u>not be entitled to any benefit under the Agreement or be valid for any purpose"</u> (Quoted).** (See Exhibit B).

10.) Defendants Exhibit A-3 Corporate Assignment of Deed of Trust which stipulated **Citi Residential Lending Inc. as Attorney-in-Fact for Argent Mortgage Company LLC., Deutsche Bank National Trust Company as Trustee for Argent Securities Inc. Asset-Backed Pass-Through Certificates, Series 2006-M2** has Bryan Bly as Vice President of Citi Residential, which is fraudulent and a misrepresentation of the Deed of Trust. This violates *Tex. Bus. & Comm. Code (UCC) §3.203.* (See Exhibit C). In order to record a document in Texas it must contain an **"original signature"** and be notarized. *Texas Property Code §12.001 &12.0011, Texas Civil Practices and Remedies Code §121.004.* Violations of these statutes would constitute a forgery under the Texas Penal Code. Please view *Texas Penal Code §32.21* which articulate that a document executed resulting in a criminal act are **"void."**

Defendants claim for Summary Judgment should have been denied because there is evidence of material facts, which should be addressed, and to allow Defendants Summary Judgment to stand would be improper as a matter of law.

## I. Facts to Summary of Motion Denial

The Defendants utilizes the Pooling and Servicing Agreement to back their claims on the property at 9930 Spruce Ridge Dr. Converse, Texas 78109.

1.) According to the Pooling and Servicing Agreement which Defendants rests its authority/claims on were not properly followed by Defendants according to the Pooling and Servicing Agreement, which was initiated on August 1, 2006, and therefore makes their claim void on its merits.

2.) The many different **"Mortgage Servicers"** that the Defendants delegated/entrusted its powers too **"breached the Deed of Trust which invalidated/voided out Defendants authority to the Deed of Trust and ability to foreclose as a matter of law."** It was Defendants and its delegates' fiduciary duty to make sure that all documents were legal and accurate, without any fraud or deception within.

3.) The Real Estate Settlement Procedures Act (RESPA) Servicing Disclosure which was attached to the Plaintiff's **"original Debt Instrument Note,"** and that is missing from the Defendants' Exhibit A-1 Fixed Rate Note, states under the Transfer Practices and Requirements that **"The present loan servicer must send the Plaintiff notice in writing of the assignment, sale or transfer of the servicing not less than 15 days before the effective date of the transfer. The new loan servicer must also send you notice within 15 days after the effective date of the transfer."** The issue of material fact here is when was the effective date of the transfer of the Note or when did Argent sell the Note to the Defendant Deutsche Bank National Trust Company, and did Ocwen Loan Servicing follow-up on the required procedures according to **"RESPA?"** Section 6 of RESPA (12 U.S.C. Section 2605) gives consumers certain rights under the complaint resolution, which states, **If the Plaintiff send a "qualified written**

**request"** to the one who alleges they are the servicer of the Note, the alleged servicer **must provide the Plaintiff with a written acknowledgment within 20 Business Days of receipt of the Plaintiff's request. Not later than 60 Business Days after receiving the Plaintiff's request, the alleged servicer must make any appropriate corrections to the Plaintiff's account, or must provide the Plaintiff with a written clarification regarding any dispute.** Ocwen Loan Servicing LLC gave no response and therefore was sent Affidavits according to Law. (See Exhibit D).

4.) Power Default Services, apparently another delegated party of the Defendants sent me correspondence in reference to their power to foreclose. The Material fact that I had no knowledge of or prior dealing with this entity, they were also sent a **"qualified written request" with a Debt Validation which addressed that Notice to Principle is Notice to Agent and vice versa.** Again, Plaintiff received no response and therefore they also were sent Affidavits according to Law. (See Exhibit E). My previous Counsel was given and had access to all documented evidence. Plaintiff paid previous Counsel to stop foreclosure proceedings and file a lawsuit. (See Exhibit F).

5.) The Corporate Assignment of Deed of Trust that Defendants have utilized/relied on dated February 11, 2009, **to take and foreclose on the property at 9930 Spruce Ridge Dr. Converse, Texas 78109 had no legal merits, and therefore makes their claim void because:**

a.) On the Corporate Assignment of Deed of Trust, dated February 11, 2009, the Vice President Bryan Bly of Citi Residential Lending Inc., as Attorney-In-Fact for Argent Mortgage Company, LLC stated in his original sworn deposition on July 2, 2010, pages 17 and 18 that he had no past or present employment contracts at Citi

Residential Lending, and he has no corporate seals or corporate stamps for that company. Yet his signature is on the Corporate Assignment of Deed of Trust as the Vice President of Citi Residential Lending Inc. And if in fact that Bryan Bly's statements he made in his original sworn deposition are not true, he has perjured himself under oath. This same Corporate Assignment of Deed of Trust states that the Defendant Deutsche Bank National Trust Company is the Trustee for Argent Securities Inc.

b.) Bryan Bly in his original sworn deposition on page 34 line 14 through 25 stated that even if his signature was on a document, he did not physically sign the document and an employee name Tom McKinnon scanned his signature for counties that wanted E-recordings.

c.) Continuing with the same deposition on pages 56 through 58 Bryan Bly also stated that he would sign from two to five-thousand documents in an eight hour day, he never see the E-signatures and he don't know when or how the notary-notarization is affected. (See Exhibit C).

**d.)** It is a material fact that In Plaintiff's possession is the **"Original"** recorded, **"Manually signed," Warranty Deed** which Defendants are trying to attest on page two (2) first sentence of their summary judgment that denies Plaintiff has no Deed to the property at 9930 Spruce Ridge Dr. Converse, Texas 78109. **This "Originally" recorded, "Manually signed Warranty Deed" gives Plaintiff superior Title to the Property at 9930 Spruce Ridge Dr. converse, Texas 78109.**

6.) **Other most prominent issues of material fact in this case are:** (a) the Plaintiff was put in a significantly disparate bargaining position without the representation of legal counsel

to decipher the mortgage modification documents and the duress which the Plaintiff was subjected too by the many different mortgage servicers threatening foreclosure was the provoking cause of the agreements to the loan modifications of 2010 and 2011. (see **Texas Business and Commerce Code §3.305 (a)(1)(ii)(iii) and exhibit G, Affidavit of Facts Concerning Mortgage filed at the Bexar County Courthouse on December 30, 2013 and copies of the five(5) letters sent in just one year**), (b) the intentional misrepresentation of important issues embedded within the Corporate Assignment of Deed of Trust contract which Defendants' delegated/entrusted parties violated, is a material fact which sequentially made their contract void by the hands of Citi Residential Lending and Bryan Bly, (c) For a holder to have good title, every prior negotiation must have been proper. If a necessary indorsement is missing or forged, the chain of title is broken and no later transferee can become a holder (see **Texas Business and Commerce Code §3.203 and §3.308**), and (d) Texas recording statures afford significant protection to buyers under the recording statures which stipulates that a deed can still be void for other reasons, such as fraud, or forgery.

7.) On August 22, 2014 at 4:12pm Plaintiff's previous Counsel's office called Plaintiff's home and left a message stating they had good news. Previous Counsel had received a Settlement Communication from Baker Donelson Bearman, Caldwell & Berkowitz, PC, Counsel for Deutsche Bank National Trust Company as Trustee for Argent Securities Inc. and Ocwen Loan Servicing LLC. to settle Plaintiff's litigation. The settlement offer was rejected because Ocwen had already placed themselves in estoppel for their non-response to the **"qualified written request as per RESPA,"** and the terms within the contract were totally outrageous. After Plaintiff rejected the settlement offer, On September 5,

2014 at 4:02pm Plaintiff receive a call from previous Counsel's secretary and she stated that Plaintiff's **Counsel is withdrawing from Plaintiff's case today.** On or about September 12, 2014 Plaintiff's previous Counsel took Plaintiff to court for a Motion to Withdraw from case, but he stated that Plaintiff was unable to fulfill Plaintiff's duty to pay the lawyers' fees. Plaintiff had already paid previous Counsel approximately $3,973.00. (See Exhibits F and H).

8.) On September 23, 2015 Plaintiff paid the Law Office of Gerald Kubena $200.00 for filing and bond fees to answer the Summary Judgment. Attorney Gerald Kubena stated on October 16, 2015 in court that the Plaintiff's case was very complicated and therefore he did not have enough time to answer the Summary Judgment. (See Exhibit I).

9.) October 13, 2015 received a letter from Ocwen Loan Servicing LLC about misdated letter they sent Plaintiff. (See Exhibit J).

## II. ACTS OF AGENTS

Facts are not "Inconsequential." Even though Plaintiff was totally unaware of the actions made by Defendants, she is not actually disputing the Asset-Backed Pass-Through Pooling and Servicing Agreement, this Plaintiff is trying to prove that the **"TAIL is not SEPARATE from the HEAD and all should be blamed for the wrong incurred."**

**Argent Securities Inc., was Depositor⇒Ameriquest Mortgage Company (AMC), was Master Servicer⇒ and Deutsche Bank National Trust Company was Trustee. The Depositor sold the 2006-M2 Series Certificates to J.P. Morgan Securities. The Plaintiff's loan was removed from the originating lender's balance sheets when it was purchased by The Office of Comptroller of Currency (OCC), a covered Bond. (See Exhibit B). Yet, the chain shows that the Plaintiff's loan was acquired by AMC⇒Citi**

**Mortgage Company⇒American Home Mortgage Servicing Inc., who changed their name to Homeward in an attempt to escape pending litigation by the Attorney General, then:**

⇓

**Ocwen Loan Servicing LLC.**

⇓

**Power Default Services**

⇓

**Deutsche Bank National Trust Company**

⇓

**Robert Valdespino, as Trustee**


The continuous and egregious actions that these Defendants have pitted against Plaintiff should not go unaddressed. Plaintiff has been mentally, physically, and financially wounded by these Defendants deceptive and unfair business practices. The duress has been astronomical. It is mandated that the Plaintiff goes by the "Letter of the Law," but The Defendants have violated all Laws pertinent to *Contract Law in general, Truth in Lending Act, Deceptive Trade Practices Act-Consumer Protection Act, TEX. BUS. & COM. CODE ANN. §17.41; Texas Debt Collections Act, TEX. FIN. CODE ANN. §392.001.*

All Defendants have participated in Consent Judgments in an attempt to buffer the outcome of their wrong doings. Defendants may say that Plaintiff do not have the authority to raise these issues, but Plaintiff say that since she is directly affected by these actions, which was forced upon her by Defendants, gives Plaintiff the right to address Defendants' action that

they continue to practice. *Ball v. Bank of New York, 2012 U.S. Dist. Lexis 179878 (W.D. Mo. 2012), which is similar to Leavings v. Mills, 175 S.W. 3d. 301, 309 (Tex. App. Houston [1st Dist.] 2004).*

## III. <u>PRAYER</u>

Therefore, Plaintiff Theresa Faye Jerry ask the Courts to reevaluate the Summary Judgement given to Defendants Deutsche Bank National Trust Company and Robert Valdespino, Et al., and reverse the decision because of the misinformation received from Defendants which would by law be the only **Just** decision. I ask for leave to be able to Amend this Appeal if deemed necessary.

Respectfully Submitted

*Theresa F. Jerry*
<u>Theresa Faye Jerry</u>
Plaintiff

9930 Spruce Ridge Dr.
210) 598-2371

Exhibit A

# WARRANTY DEED
## WITH VENDOR'S LIEN

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

Date: **JUNE 22, 2006**

Grantor: **HOWARD T. RAY AND** SPOUSE, **GLORIA RAY**

Grantor's Mailing Address:

Grantee: **THERESA F. JERRY**

Grantee's Mailing Address: **9930 SPRUCE RIDGE, CONVERSE, BEXAR COUNTY, TEXAS 78109**

**Consideration:** TEN AND NO/100-------($10.00)-------DOLLARS and other good and valuable consideration, the receipt of which is hereby acknowledged and confessed;

**AND THE FURTHER CONSIDERATION OF THE EXECUTION AND DELIVERY** of a Note of even date that is in the principal amount of **$88,650.00** executed by Grantee, payable to the order of **ARGENT MORTGAGE COMPANY, LLC.** The Note is secured by a Vendor's Lien retained in favor of **ARGENT MORTGAGE COMPANY, LLC** in this Deed and by a Deed of Trust of even date from Grantee to **LAWRENCE YOUNG, TRUSTEE(S).**

**Property (including any improvements):**

LOT 23, BLOCK 5, CAMELOT SUBDIVISION, UNIT 63, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9400, PAGE(S) 221-222, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

**Reservations from and Exceptions to Conveyance and Warranty:**

THIS CONVEYANCE IS EXECUTED, DELIVERED AND ACCEPTED SUBJECT TO AD VALOREM TAXES FOR THE CURRENT YEAR, ROLLBACK TAXES DUE TO THIS CONVEYANCE OR GRANTEE'S USE OF THE SUBJECT PROPERTY, MAINTENANCE FUND LIENS, ZONING ORDINANCES, UTILITY DISTRICT ASSESSMENTS AND STANDBY FEES, IF ANY, ANY AND ALL VALID UTILITY EASEMENTS CREATED BY THE DEDICATION DEED OR PLAT OF THE SUBDIVISION IN WHICH SAID REAL PROPERTY IS LOCATED, RECORDED EASEMENTS, RESERVATIONS, MINERAL RESERVATIONS AND LEASES, RESTRICTIONS, COVENANTS, CONDITIONS, RIGHTS OF WAY EASEMENTS, IF ANY, AFFECTING THE HEREIN DESCRIBED PROPERTY.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

The said Vendor's Lien and Superior Title herein retained are hereby transferred, assigned, sold and conveyed to **ARGENT MORTGAGE COMPANY, LLC,** its successors and assigns, or heirs and assigns, as appropriate, the Payee named in said Note, without recourse on Grantor.

When the context requires, singular nouns and pronouns include the plural.

_____
HOWARD T. RAY

_____
GLORIA RAY

(Acknowledgment)

THE STATE OF TEXAS
COUNTY OF BEXAR

This instrument was acknowledged before me on the 22nd day of June, 2006, by HOWARD T. RAY and GLORIA RAY.

ELIZABETH C. BESS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-17-2007

_____
Notary Public, State of Texas
Notary's Name (printed):
Notary's commission expires:

NOTICE: This document affects your legal rights. Read it carefully before signing.

AFTER RECORDING RETURN TO:
THERESA F. JERRY
9930 SPRUCE RIDGE, CONVERSE, BEXAR COUNTY,
TEXAS 78109

PREPARED IN THE LAW OFFICE OF:
BEADLES, NEWMAN & LAWLER
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3500 HULEN STREET
FORT WORTH, TEXAS 76107

# Exhibit B

In Route

Exhibit C

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR CLAY COUNTY, FLORIDA
CASE NO. 2009-CA-1920
DIVISION B

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE IN TRUST
FOR THE BENEFIT OF THE
CERTIFICATE HOLDERS FOR
AMERIQUEST MORTGAGE SECURITIES
TRUST 2005-R9, ASSET-BACKED
PASS-THROUGH CERTIFICATES
SERIES 2005-R9,

ORIGINAL

    Plaintiff,

vs.

GARY L. HANNAH, et al,

    Defendants.
--------------------------------/


DEPOSITION OF:  BRYAN J. BLY

TAKEN:         Pursuant to Notice by
                  Counsel for Defendants

DATE:          July 2, 2010

TIME:          2:03 p.m. - 3:50 p.m.

LOCATION:     Akerman Senterfitt
                  401 East Jackson Street, Suite 1700
                  Tampa, Florida

REPORTER:     DAVID L. KELLY
                  Notary Public
                  State of Florida at Large


**MAXA ENTERPRISES, INC.**
1275 Cleveland Street
Clearwater, Florida 33755
(727) 441-2404   Fax: (727) 448-0028

APPEARANCES:      ADINA L. POLLAN, ESQ.
WILLIAM HELLER, ESQ. (by telephone)
Akerman Senterfitt
50 North Laura Street, Suite 2500
Jacksonville, FL 32202-3646

Attorney for the Plaintiff


GLORIA A. EINSTEIN, ESQ.
Jacksonville Area Legal Aid, Inc.
P.O. Box 1999
Green Cove Springs, FL 32043

Attorney for the Defendant


ALSO PRESENT:   Raye Blair

| INDEX | PAGE NUMBER |
|---|---|
| Examination by Ms. Einstein | 3 |
| Examination by Ms. Pollan | 59 |
| Examination by Ms. Einstein | 60 |

| EXHIBITS | PAGE NUMBER |
|---|---|
| Deposition Exhibit Number 1 | 5 |
| Deposition Exhibit Number 2 | 8 |
| Deposition Exhibit Number 3 | 8 |
| Deposition Exhibit Number 4 | 8 |
| Deposition Exhibit Number 5 | 21 |

MS. EINSTEIN: Okay. Are we going to stipulate that the notice was sufficient and Mr. Bly's appearance here is pursuant to notice --

MS. POLLAN: Yes.

THE COURT: -- pursuant to subpoena, and Mr. Bly is a nonparty?

MS. POLLAN: Yes.

THEREUPON

BRYAN J. BLY,

After being duly sworn an oath was examined and testified as follows:

THE DEPONENT: I do.

EXAMINATION

BY MS. EINSTEIN:

Q    Okay. And you are represented by your counsel, Ms. Pollen; is that correct?

A    Correct.

Q    Okay. There's some ground rules of depositions. One is if you need a break for any reason just ask, and we'll stop and start again.

As you can see, this court reporter is typing. So he can't type "uh-huh" or "huh-uh" very well, and he can't type nods or shaking your head at all. So, if you would, say yes or no. That would really help.

were suppose to do -- to bring was all documents showing your communications with Citi Residential Lending concerning your duties as vice-president, including telephone logs, notes on telephone calls, e-mails and memos.

A     I have brought none because I have none.

Q     Okay.  Next is your job description as vice-president of Citi Residential Lending.

A     I have brought none because my job description simply is as signer.

Q     Okay.  The next item was records, including travel records, showing all your meetings, conferences or other contact with other officers of Citi Residential Lending.

A     None exist.

Q     Okay.  And does that mean that no records exist or none of these meetings, conferences or other contacts exist?

A     None of them exist.

Q     Okay.  The next item was all your past and present employment contracts at Citi Residential Lending.

A     There's none.

Q     Okay.  Next was all corporate seals or corporate stamps of which you have custody and

18

control, including those for Citi Residential Lending and any other financial institution or business entity.

A    I have none related to that.

Q    Okay.  You mean you have none of the things I just described?

A    Correct.

Q    Okay.  All certificates, diplomas or any other documentation showing any post-secondary education, vocational training, certification courses or other education and training received by you after high school.

A    I have none.

Q    Okay.  Any document showing the authority of Citi Residential Lending to act as Attorney-in-Fact for Ameriquest Mortgage Company, and I believe that is Exhibit 3.  So if I can have you look at that, please.  Do you want to look at all the pages?

Okay.  Is this the -- is Exhibit 3 the only document that meets the description in our request any document showing the authority of Citi Residential Lending to act as Attorney-in-Fact for Ameriquest Mortgage Company?

A    I don't know.

Q    Okay.  When did you receive this?

A    Correct.

Q    Okay.  What questions have you asked your supervisor about Citi assignments?

A    None.

Q    Okay.  Now, we're going to be talking specifically about the assignment that you have in front of you, which is labeled Exhibit 5.  Okay.  Now, Exhibit 5 is in front of you.  Do you have any specific memory of this assignment?

A    No.

Q    Okay.  Do you know about it because of the general processes you use?

A    I had never seen this until yesterday.

Q    Okay.  Do you recognize your signature on it?

A    Yes.

Q    Okay.  Was that a signature you physically signed?

A    No.

Q    Okay.  Can you tell me how your signature got on it?

A    With corporate resolution the account set-up guy, Tom McKinnon, came by for signatures to scan for counties that wanted E-recordings, and so they scanned my signature.

and so forth. It's pretty extensive.

Q    Okay. And how many people are doing that for how many assignments?

A    Well, research could be 60 people or more depending on the given situation or the quality of their information that they're receiving from the client.

Q    Okay. So all of these people with all of this research, and no one has ever come back and said, hey, wait, something was wrong to you?

A    Not to my knowledge at all.

Q    Okay. And you've said what you check yourself is the clarity of the print and whether it's entered on the page; is that correct?

A    Correct.

Q    Now, are you paid by the hour or by the assignment or --

A    I'm paid by the hour.

Q    Okay. What would be the outside limits of how many you would sign in a day?

A    Two to 5,000 would be on an eight-hour day.

Q    Okay. And what is it varied by? I mean, seasonal? Is it -- what does it depend on?

A    By the contract situation.

Q    Okay. And has there been a trend over

time?

A      Seasonally not actually.  It's variable.

Q      When you sign by hand, where do the assignments come from?

MS. POLLAN:  I'm going to object based on the order.  He didn't sign this by hand, and you have already gone through that process.

MS. EINSTEIN:  Are you instructing him not to answer?

MS. POLLAN:  Yes.

Q      (By Ms. Einstein)  Okay.  And the E-signatures you've testified you never see it.  It's all based on a signature you gave to Thomas McKinnon sometime ago.  So -- and you don't know when; is that correct?

A      Correct.

Q      And you don't know when or how the notary -- notarization is effected?

A      That's correct.

Q      Okay.  So you don't know how many of those bear your name that go out in a day?

A      That would be correct.

Q      Okay.  Is there any other form besides hand signing and E-signatures that your name has gotten onto documents, a stamp or something like that?

58

A     No.

Q     Okay.  Has E-signing reduced your work load?

A     I would assume, yes.

Q     Okay.  Do you still notarize for other people at NTC?

A     Yes.

Q     Okay.  And do you know how often?

MS. POLLAN:  I'm going to object and instruct him not to answer.  That has nothing to do --

Q     (By Ms. Einstein)  Okay.  Have you registered with the commissioning official that you do E-notarizations?

A     To my knowledge, I don't do E-notarizations.

Q     Okay.  Now, have you stopped signing assignments?

A     No.

Q     Okay.  Has the pace slowed at all?

A     Like I said before, it's variable.

Q     Okay.  Has Citi stopped sending assignments to sign?

A     No.

Q     Okay.  And has the pace of Citi assignments specifically slowed?

Exhibit D

## DISPUTE LETTER TO OCWEN LOAN SERVICING, LLC.

**DATE: September 13, 2013**


**Theresa F. Jerry**

**9930 Spruce Ridge Drive**

**Converse, Texas 78109**


**SUBJECT: My Loan**

**NUMBER: 7145452061**

**ATTENTION: Customer Service**


**OCWEN LOAN SERVICING, LLC.**

**1661 WORTHINGTON ROAD, SUITE 100**

**WEST PALM BEACH, FLORIDA 33409**


**TO WHOM IT MAY CONCERN,**


This is a **"qualified written request"** under Section 6 of the Real Estate Settlement Procedures Act (**RESPA**). I am writing to you in reference to the letter I received by certified mail on September 13, 2013, dated September 5, 2013. First and foremost, the loan number you have on your records for the house at 9930 Spruce Ridge Dr. is inaccurate, and therefore is my first dispute on this matter. The next matter at hand is the $3,042.66 that you state is the total amount due for the principle, interest, escrow, and late fees on said account. Explain to me how I can be late sending Ocwen, mortgage payments, when Ocwen Loan Servicing has never sent me any legal written documentation concerning their ownership of the property at 9930 Spruce Ridge Dr. Within my mortgage payments the principle, interest, and escrow were taken and with

the total above, your calculations far exceed the total amount that I pay to my mortgage lender on a monthly basis. So I am astounded at your figures and request legal written documentation on the dates in question for the amount you are requesting. Next issue at hand is your proof that you own the said property at 9930 Spruce Ridge Dr. Converse, Texas 78109. Prior to September 13, 2013, I have never received any legal written documentation from Ocwen Loan Servicing in reference to my home loan professing and/or proving that Ocwen own my property. If you own my loan as you say, why have I not received any legal written documentation from Ocwen prior to **September 13, 2013 professing this fact? Instead, I am sent a "LETTER OF NOTICE OF DEFAULT"**, when I have never received any other correspondence from your office prior to the letter I received on September 13, 2013.

It is my request that Ocwen Loan Servicing LLC. send me adequate legal written verification, proving and professing it owns or are the servicers of my loan, in conjunction with the legal written documentation on who or what gives Ocwen Loan Servicing LLC. the authority to collect mortgage payments on the property at 9930 Spruce Ridge Dr. Converse, Texas 78109. If you have any questions about the request I have made, you can also contact my attorney

Kenneth Grubbs at:

WOODCOCK BLDG, STE C-120
4241 WOODCOCK DRIVE
SAN ANTONIO, TX 78250
ph: 210-490-1292
fax: 210-499-4587

Sincerely Yours,

Theresa F. Jerry

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Research Department
Ocwen Loan Servicing
P. O. Box 24736
West Palm Beach, FL.
33416-4736

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

SEP 4 0 2013

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7011 1570 0001 1090 8742

102595-02-M-1540

PS Form 3811, February 2004    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

WEST PALM BEACH FL 33416   USE

| | | |
|---|---|---|
| Postage | $ | $0.46 | 0233 |
| Certified Fee | | $3.10 | 24 Postmark Here |
| Return Receipt Fee (Endorsement Required) | | $2.55 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $6.11 | 09/17/2013 |

Sent To  Ocwen Loan Servicing, LLC.
Street, Apt. No.; or P.O. Box No.  P.O. Box 24736
City, State, ZIP+4  West Palm Beach, FL 33416-4736

PS Form 3800, August 2006    See Reverse for Instructions

7011 1570 0001 1090 8742

# Affidavit of Default

### (This is a verified plain statement of fact)

**Maxims:**

All men and women know that the foundation of law and commerce exists in the telling of the truth, the whole truth, and nothing but the truth.

Truth as a valid statement of reality is sovereign in commerce.

An un-rebutted affidavit stands as truth in commerce.

An un-rebutted affidavit is acted upon as the judgment in commerce.

<u>Guaranteed</u>—All men shall have a remedy by the due course of law. If a remedy does not exist, or if the existing remedy has been subverted, then one may create a remedy for themselves and endow it with credibility by expressing it in their affidavit. (Ignorance of the law might be an excuse, but it is not a valid reason for the commission of a crime when the law is easily and readily available to anyone making a reasonable effort to study the law.)

All corporate government is based upon Commercial Affidavits, Commercial Contracts, Commercial Liens and Commercial Distresses, hence, governments cannot exercise the power to expunge commercial processes.

The <u>Legitimate Political Power</u> of a corporate entity is absolutely dependent upon its possession of Commercial Bonds against Public Hazard, because no Bond means no responsibility, means no power of Official signature, means no real corporate political power, means no privilege to operate statutes as the corporate vehicle.

Except for a Jury, it is also a fatal offense for any person, even a Judge, to impair or to expunge, without a Counter-Affidavit, any Affidavit or any commercial process based upon an Affidavit.

Judicial non-jury commercial judgments and orders originate from a limited liability entity called a municipal corporation, hence must be reinforced by a Commercial Affidavit and a Commercial Liability Bond.

It is tax fraud to use Courts to settle a dispute/controversy which could be settled peacefully outside of or without the Court.

An official (officer of the court, policeman, etc.) must demonstrate that he/she is individually bonded in order to use a summary process.

<u>PUBLIC HAZARD BONDING OF CORPORATE AGENTS.</u> All officials are required by federal, state, and municipal law to provide the name, address and telephone number of their public hazard and malpractice bonding company and the policy number of the bond and, if required, a copy of the policy describing the bonding coverage of their specific job performance. Failure to provide this information constitutes corporate and limited liability insurance fraud (15 USC) and is prim-a-facie evidence and grounds to impose a lien upon the official personally to secure their public oath and service of office.

**Supreme Court Rulings:**

"Indeed, no more than affidavits is necessary to make the prima facie case." -United States v. Kis, 658 F 2d, 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982.

"An **Affidavit** if not contested in a timely manner is considered undisputed facts as a matter of law." -Morris vs. NCR, 44 SW2d 433.

"**Silence** activates estoppel." -Carmine v. Bowen, 64 A. 932, 1906.

"**Silence** can only be equated with **fraud** where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading... -U.S. vs. Pruden, 424 F.2d 1021 (1970)

"**FRAUD** destroys the validity of everything into which it enters. It affects fatally even the most solemn judgments and decrees." - Ira Nudd vs. George Burrows, 91 U.S. 426, at 440 (1875).

"There is no question of the general doctrine that **fraud** vitiates the most solemn contracts, documents, and even judgments. -United States vs. Sam Throckmorton, 98 U.S. 61, at 64 (1878).

"Most important, if administrative remedies are pursued, the citizen may win complete relief without needlessly invoking judicial process... We ought not to encourage litigants to bypass simple, inexpensive, and expeditious remedies available at their doorstep in order to invoke expensive judicial machinery on matters capable of being resolved at local levels." - Warren Burger in Moore vs. East Cleveland, 431 U.S. 494, at 525 (1976).

"**Consistent failure by courts to mandate utilization of administrative remedies — under the growing insistence by lawyers demanding broad judicial remedies — inevitably undermines administrative effectiveness and defeats fundamental public policy by encouraging "end runs" around the administrative process."** -Moore vs. East Cleveland, 431 U.S. 494, at 525 (1976).

"An **Affidavit** if not contested in a timely manner is considered undisputed **facts** as a matter of law." -Morris vs. NCR, 44 SW2d 433.

"**Silence** activates estoppel." -Carmine v. Bowen, 64 A. 932, 1906.

"**Silence** can only be equated with **fraud** where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading... -U.S. vs. Pruden, 424 F.2d 1021 (1970)

"**FRAUD destroys the validity of everything into which it enters. It affects fatally even the most solemn judgments and decrees.**" - Ira Nudd vs. George Burrows, 91 U.S. 426, at 440 (1875).

"**There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments.** -United States vs. Sam Throckmorton, 98 U.S. 61, at 64 (1878).

"Most important, if administrative remedies are pursued, the citizen may win complete relief without needlessly invoking judicial process... We ought not to encourage litigants to bypass simple, inexpensive, and expeditious remedies available at their doorstep in order to invoke expensive judicial machinery on matters capable of being resolved at local levels." - Warren Burger in Moore vs. East Cleveland, 431 U.S. 494, at 525 (1976).

"Consistent failure by courts to mandate utilization of administrative remedies — under the growing insistence by lawyers demanding broad judicial remedies — inevitably undermines administrative effectiveness and defeats fundamental public policy by encouraging "end runs" around the administrative process." -Moore vs. East Cleveland, 431 U.S. 494, at 525 (1976).

"Where there is absence of proof of jurisdiction, all administrative and judicial proceedings are a nullity, and confer no right, offer no protection, and afford no justification, and may be rejected upon direct collateral attack." Thompson v Tolmie, 2 Pet. 157, 7 L. Ed. 381; and Griffith v. Frazier, 8 Cr. 9, 3 L. Ed. 471.

9930 SPRUCE RIDGE DR.                                                    11 NOVEMBER 2013
CONVERSE, TEXAS 78109

TO: OCWEN LOAN SERVICING, LLC.                    USPS CERT MAIL #7011 1570 0001 1090 8896
    1661 WORTHINGTON ROAD, SUITE 100
    WEST PALM BEACH, FLORIDA 33409
    LOAN # 7145452061

### NOTICE TO PRINCIPAL IS NOTICE TO AGENT
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL

I, There-Faye: Jerry, hereinafter "Affiant," a living, breathing woman, being over the age of twenty-one years, competent to testify, with first-hand knowledge do affirm, say and declare by my signature that the following facts are true, correct and complete to the best of my knowledge and belief.

1. That, Affiant is competent to state the matters included in her affidavit, has first-hand knowledge of the facts, and declares that to the best of her knowledge, the statements made in her affidavit are true, correct, complete and not meant to mislead;

2. That, Respondent, OCWEN LOAN SERVICING, LLC. et al, is hereinafter referred to as "Respondent;"

3. That, the governing law of this private contract is the agreement of the parties supported by the Law Merchant and applicable maxims of law established by silence, acquiescence and tacit agreement;

4. That, Affiant at no time has requested or accepted extraordinary benefits or privileges from the Respondent or any subdivision or assign;

5. That, the Affiant, for the purpose of certifying a response or want thereof, did present a "qualified written request" according to Section 6 of the Real Estate Settlement Act [RESPA] for a "Request for Debt Validation pursuant to the Fair Debt Collection Practices Act," and any legal written documentation for proof from the Respondent that they have the authority to receive mortgage payments for 9930 Spruce Ridge Dr. Converse Texas 78109, by Certified Mail, No 7011 1570 0001 1090 8742, Return Receipt Requested, prepaid and addressed to Respondent;

6. That, Respondent accepted "qualified written request with Request for Debt Validation on 20 September 2013;

7. That, Respondent had Thirty (30) days to respond and validate the alleged debt obligation;

8. That, after receiving said presentment, Respondent chose to refuse to respond or otherwise failed to answer and validate the alleged debt by providing to the Affiant with the necessary requested answers, documents, information and validation, thereby placing themselves in a position of fault;

9. That, on 25 October 2013, Affiant sent to Respondent, a "Notice of Fault and Opportunity to Cure and Perform" in Re "Qualified Written Request" according to RESPA and for Debt Validation Pursuant to Fair Debt Collections Practices Act, sent by Certified Mail No 7011 1570 0001 1090 8773, Return Receipt Requested;

10. That, Respondent accepted "Notice of Fault Opportunity to Cure" on 28 October 2013; It has been more than forty-nine (49) days since a qualified written request for Debt Validation Pursuant to the Fair Debt Collections Practices Act, with no answer received.

11. That, Respondent had Five (5) days (Plus Three (3) days for mailing) to respond and validate the debt and this is the Forty-ninth (49th) day without response from anyone whether it be their representative or other;

13. That, under The Law Merchant, 15 USC 1692 et seq, Uniform Commercial Code, Maxims of Law, and Supreme Court Rulings, Respondent had a legal and moral obligation to respond to questions identifying the real party in interest, the holder in due course, and their authority to act;

14. That, Respondent was silent on these matters;

15. That, Respondent's silence can only be equated to fraud where there is a legal and moral duty to speak or where an inquiry left unanswered would be intentionally misleading;

16. That, Respondents silence is also his tacit agreement that there is no real party in interest, no witnesses against Affiant, no valid cause of action, no valid claim with which relief can be granted, no party with any standing against Affiant, no justiciable controversy, no subject matter jurisdiction, no in persona jurisdiction.

17. That, Respondent's silence activates estoppel;

18. That, Affiant is dependent on that estoppel for his remedy.

19. That, Respondent's further harassment of Affiant on this matter would be injurious to Affiant;

20. That, any Respondent action relative to this matter causing arrest of Affiant or encumbrance to Affiants personal property under these circumstances would be an unwarranted violation of Affiant's inalienable and constitutional rights;

21. That, punitive damages for such violations is $10,000 dollars, per violation, in functional currency of the United States;

22. That, Respondent agrees to pay compensatory and punitive damages created or caused to Affiant by Respondent;

23. Respondent has no Claim as evidenced and established by their silence in violation of, but not limited to, 15 USC §1692, et seq;

Further, Affiant Sayeth Not.

Dated this _____ day of _____, 2013.


Without Prejudice, UCC 1-308

_____
Theresa-Faye: Jerry Authorized Representative for
**THERESA FAYE JERRY**

CERTIFICATE OF SERVICE

**UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the foregoing was provided by Certified Mail, Return Receipt Requested, OCWEN LOAN SERVICING, LLC., 1661 WORTHINGTON ROAD, SUITE 100, WEST PALM BEACH, FLORIDA 33409 this _____ day of DECEMBER 2013.**


**Date:**_____     **By:**_____
                                            **Theresa F. Jerry, Authorized Representative**



J U R A T

STATE OF TEXAS          )
                        ) ss
COUNTY OF BEXAR         )

SUBSCRIBED AND SWORN TO (or affirmed) BEFORE ME on this _____ day of _____, 2013, by Theresa-Faye: Jerry, who proved to me on the basis of satisfactory evidence to be the woman who appeared before me.

_____Seal
- Place Notary Signature Above -

# Affidavit of Negative Averment

9930 SPRUCE RIDGE DR.                                   11 NOVEMBER 2013
CONVERSE, TEXAS 78109

TO: OCWEN LOAN SERVICING, LLC.              USPS CERT MAIL #7701 1570 0001 1090 8896
    1661 WORTHINGTON ROAD, SUITE 100
    WEST PALM BEACH, FLORDIA 33409
    Ref: LOAN # 7145452061

### NOTICE TO PRINCIPAL IS NOTICE TO AGENT
### NOTICE TO AGENT IS NOTICE TO PRINCIPAL

I, Theresa-Faye: Jerry, hereinafter "Affiant," a living, breathing woman, being over the age of twenty-one years, competent to testify, with first-hand knowledge do affirm, say and declare by my signature that:

**1. That Ocwen Loan Servicing, LLC., hereinafter "Respondent," has not presented Affiant with any evidence of contracts, documents, agreements, orders or laws that gave rise to the alleged debt obligation or liability to** Respondent, and Affiant believes that not any evidence exist.

2. That Respondent has not presented Affiant with any evidence that their party is a bona-fide party in interest to the alleged debt obligation and will produce said original signed contract for my own and a Judge's inspection should there be a trial to contest these matters and Affiant believes that not any evidence exist.

3. That Respondent has not presented Affiant with any evidence of the names and addresses of all persons, corporations, associations, legal firms, or any other parties or entities having an interest in the collections or legal proceedings regarding the alleged debt obligation and Affiant believes that not any evidence exist.

4. That Respondent has not presented Affiant with any evidence that OCWEN LOAN SERVICING, LLC., the State of Florida, and the State of Texas have NO obligation to the Uniform Commercial Code or the Texas Commercial Code and Affiant believes that not any evidence exist.

5. That Respondent has not presented Affiant with any evidence that, as a debt collector, Respondent have not purchased evidence of debt and are proceeding with this collection activity solely in the name of the original contracting party and Affiant believes that not any evidence exist.

6. That Respondent has not presented Affiant with any evidence that they knew and/or understood that certain clauses in a contract of adhesion are unenforceable unless the party to whom the contract was extended could have selectively rejected the clause and Affiant believes that not any evidence exist.

**7. That Respondent has not presented Affiant with any evidence of Respondent's authority to act in this matter or a certified copy of their written contract identifying their "Principal-Agent" relationship with the alleged client and** Affiant believes that not any evidence exist.

8. That Respondent has not presented Affiant with any evidence of Respondent's license and oath of office or their public hazard bonding information confirming that they are not violating 15 USC 1692(e) and Affiant believes that not any evidence exist.

9. That Respondent has not presented Affiant with any evidence of the account and general ledger showing the full accounting of the alleged obligation, signed and sworn by the person responsible for maintaining the records and having first-hand knowledge as to their accuracy and authenticity, and able to testify in court, and Affiant believes **that not any evidence exist.**

Further, Affiant Sayeth Not.

Dated this _____ day of _____, 2013.

Without Prejudice, UCC 1-308

_____
Theresa-Faye: Jerry Authorized Representative for
THERESA FAYE JERRY

CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the foregoing was provided by Certified Mail, Return Receipt Requested, to OCWEN LOAN SERVICING LLC., 1661 WORTHINGTON ROAD, SUITE 100, WEST PALM BEACH, FLORDIA on this _____ day of DECEMBER 2013.

Date:_____    By:_____
                                 Theresa F. Jerry, Authorized Representative

J U R A T

STATE OF TEXAS       )
                     ) ss
COUNTY OF BEXAR      )

SUBSCRIBED AND SWORN TO (or affirmed) BEFORE ME on this _____ day of _____, 2013, by Theresa-Faye: Jerry, who proved to me on the basis of satisfactory evidence to be the woman who appeared before me.

_____Seal
- Place Notary Signature Above -

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X  EARL H ILL          ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
        Y                        EEUT

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

1. Article Addressed to:

Ocwen Loan Servicing, LLC
1661 Worthington Road
Suite 100
West Palm Beach, Florida
33409

3. Service Type
☒ Certified Mail   ☐ Priority Mail Express
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
7011 1570 0001 1090 8896

PS Form 3811, July 2013         Domestic Return Receipt



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

7011 1570 0001 1090 8896

| | | |
|---|---|---|
| Postage | $ $5.60 | 0220 |
| Certified Fee | $3.10 | 05 |
| Return Receipt Fee (Endorsement Required) | $2.55 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $11.25 | 12/18/2013 |

Sent To
Ocwen Loan Servicing, LLC
Street, Apt. No.; or PO Box No.
1661 Worthington Rd. Suite 100
City, State, ZIP+4
West Palm Beach Florida 33409

Lender:    Argent Mortgage Company, LLC

**NOTICE TO FIRST LIEN MORTGAGE LOAN APPLICANTS: THE RIGHT TO COLLECT YOUR MORTGAGE LOAN PAYMENTS MAY BE TRANSFERRED. FEDERAL LAW GIVES YOU CERTAIN RELATED RIGHTS. IF YOUR LOAN IS MADE, SAVE THIS STATEMENT WITH YOUR LOAN DOCUMENTS. SIGN THE ACKNOWLEDGMENT AT THE END OF THIS STATEMENT ONLY IF YOU UNDERSTAND ITS CONTENTS.**

Because you are applying for a mortgage loan covered by the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. Section 2601 et seq.) you have certain rights under that Federal law.

This Statement tells you about all those rights. It also tells you what the chances are that the servicing for this loan may be transferred to a different loan servicer. "Servicing" refers to collecting your principal, interest and escrow account payments, if any. If your loan servicer changes, there are certain procedures that must be followed. This statement generally explains those procedures.

**Transfer Practices and Requirements**

If the servicing of your loan is assigned, sold, or transferred to a new servicer, you must be given written notice of that transfer. The present loan servicer must send you notice in writing of the assignment, sale or transfer of the servicing not less than 15 days before the effective date of the transfer. The new loan servicer must also send you notice within 15 days after the effective date of the transfer. The present servicer and the new servicer may combine this information in one notice, so long as the notice is sent to you 15 days before the effective date of transfer. The 15 day period is not applicable if a notice of prospective transfer is provided to you at settlement. The law allows a delay in the time (not more than 30 days after the transfer) for servicers to notify you, upon the occurrence of certain business emergencies.

Notices must contain certain information. They must contain the effective date of the transfer of the servicing of your loan to the new servicer, and the name, address, and toll-free or collect call telephone number of the new servicer, and toll-free or collect call telephone numbers of a person or department for both your present servicer and your new servicer to answer your questions. During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

**Complaint Resolution**

Section 6 of RESPA (12 U.S.C. Section 2605) gives you certain consumer rights, *whether or not your loan servicing is transferred.* If you send a "qualified written request" to your servicer, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and the information regarding your request. Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, or must provide you with a written clarification regarding any dispute. During this 60-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request.

A Business Day is any day in which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

**Damages and Costs**

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section.

**Servicing Transfer Estimates**

1.  The following is the best estimate of what will happen to the servicing of your mortgage loan:

    a) We will assign, sell or transfer the servicing of your loan at origination to our affiliate company named

        Delaware AMC Mortgage Services, Inc.

    b) We do not service the mortgage loans we originate, and we have not serviced mortgage loans in the past three years.

    c) We assign, sell or transfer the servicing of some of our loans while the loan is outstanding depending on the type of loan or other factors. For the program you have applied for, we expect to assign, sell or transfer 100% of the mortgage servicing.

2.  For all the first lien mortgage loans that we make in the 12-month period after your mortgage loan is funded, we estimate that the percentage of mortgage loans for which we will transfer servicing is between 76% to 100%. This estimate includes assignments, sales or transfers to affiliates or subsidiaries.

This is only our best estimate and it is not binding. Business conditions or other circumstances may affect our future transferring decisions.

3. We have previously assigned, sold or transferred the servicing of all first lien mortgage loans that we originate. This information includes assignments, sales or transfers to affiliates or subsidiaries.

**ACKNOWLEDGMENT OF MORTGAGE LOAN APPLICANT**

I/We have read this disclosure form and understand its contents, as evidenced by my/our signature(s) below. I/We understand that this acknowledgment is a required part of the mortgage loan application.

| | |
|---|---|
| *Theresa F. Jerry*  6-22-06 | |
| Applicant  THERESA F. JERRY    Date | Applicant    Date |
| | |
| Applicant    Date | Applicant    Date |

SERVICE2 (11/2005) Rev.01

Exhibit E

# Affidavit of Default

### (This is a verified plain statement of fact)

**Maxims:**

All men and women know that the foundation of law and commerce exists in the telling of the truth, the whole truth, and nothing but the truth.

Truth as a valid statement of reality is sovereign in commerce.

An un-rebutted affidavit stands as truth in commerce.

An un-rebutted affidavit is acted upon as the judgment in commerce.

Guaranteed—All men and women shall have a remedy by the due course of law. If a remedy does not exist, or if the existing remedy has been subverted, then one may create a remedy for themselves and endow it with credibility by expressing it in their affidavit. (Ignorance of the law might be an excuse, but it is not a valid reason for the commission of a crime when the law is easily and readily available to anyone making a reasonable effort to study the law.)

**All corporate government is based upon Commercial Affidavits, Commercial Contracts, Commercial Liens and Commercial Distresses, hence, governments cannot exercise the power to expunge commercial processes.**

The Legitimate Political Power of a corporate entity is absolutely dependent upon its possession of Commercial Bonds against Public Hazard, because no Bond means no responsibility, means no power of Official signature, means no real corporate political power, means no privilege to operate statutes as the corporate vehicle.

Except for a Jury, it is also a fatal offense for any person, even a Judge, to impair or to expunge, without a Counter-Affidavit, any Affidavit or any commercial process based upon an Affidavit.

Judicial non-jury commercial judgments and orders originate from a limited liability entity called a municipal corporation, hence must be reinforced by a Commercial Affidavit and a Commercial Liability Bond.

It is tax fraud to use Courts to settle a dispute/controversy which could be settled peacefully outside of or without the Court.

An official (officer of the court, policeman, etc.) must demonstrate that he/she is individually bonded in order to use a summary process.

PUBLIC HAZARD BONDING OF CORPORATE AGENTS. All officials are required by federal, state, and municipal law to provide the name, address and telephone number of their public hazard and malpractice bonding company and the policy number of the bond and, if required, a copy of the policy describing the bonding coverage of their specific job performance. Failure to provide this information constitutes corporate and limited liability insurance fraud (15 USC) and is prima-a-facie evidence and grounds to impose a lien upon the official personally to secure their public oath and service of office.

**Supreme Court Rulings:**

"Indeed, no more than **affidavits** is necessary to make the prima facie case." —United States v. Kis, 658 F.2d, 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982.

"An **Affidavit** if not contested in a timely manner is considered undisputed facts as a matter of law." -Morris vs. NCR, 44 SW2d 433.

"**Silence** activates estoppel." -Carmine v. Bowen, 64 A. 932, 1906.

"**Silence** can only be equated with **fraud** where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading... -U.S. vs. Pruden, 424 F.2d 1021 (1970)

"**FRAUD** destroys the validity of everything into which it enters. It affects fatally even the most solemn judgments and decrees." - Ira Nudd vs. George Burrows, 91 U.S. 426, at 440 (1875).

"There is no question of the general doctrine that **fraud** vitiates the most solemn contracts, documents, and even judgments. -United States vs. Sam Throckmorton, 98 U.S. 61, at 64 (1878).

"Most important, if administrative remedies are pursued, the citizen may win complete relief without needlessly invoking judicial process... We ought not to encourage litigants to bypass simple, inexpensive, and expeditious remedies available at their doorstep in order to invoke expensive judicial machinery on matters capable of being resolved at local levels." - Warren Burger in Moore vs. East Cleveland, 431 U.S. 494, at 525 (1976).

"**Consistent failure by courts to mandate utilization of administrative remedies — under the growing insistence by lawyers demanding broad judicial remedies — inevitably undermines administrative effectiveness and defeats** fundamental public policy by encouraging "end runs" around the administrative process." -Moore vs. East Cleveland, 431 U.S. 494, at 525 (1976).

"Where there is absence of proof of jurisdiction, all administrative and judicial proceedings are a nullity, and confer no right, offer no protection, and afford no justification, and may be rejected upon direct collateral attack." **Thompson v Tolmie, 2 Pet. 157, 7 L. Ed. 381; and Griffith v. Frazier, 8 Cr. 9, 3 L. Ed. 471.**

9930 SPRUCE RIDGE DR.
CONVERSE, TEXAS 78109

16 DECEMBER 2013

TO: POWER DEFAULT SERVICES, INC.
2002 SUMMIT BLVD. SUITE 600
ATLANTA, GEORGIA 30319
LOAN # 7145452061

USPS CERT MAIL #7011 1570 0001 1090 8858

## NOTICE TO PRINCIPAL IS NOTICE TO AGENT
## NOTICE TO AGENT IS NOTICE TO PRINCIPAL

I, There-Faye: Jerry, hereinafter "Affiant," a living, breathing woman, being over the age of twenty-one years, competent to testify, with first-hand knowledge do affirm, say and declare by my signature that the following facts are true, correct and complete to the best of my knowledge and belief.

1. That, Affiant is competent to state the matters included in her affidavit, has first-hand knowledge of the facts, and declares that to the best of her knowledge, the statements made in her affidavit are true, correct, complete and not meant to mislead;

2. That, Respondent, POWER DEFAULT SERVICES, INC. et al, is hereinafter referred to as "Respondent;"

3. That, the governing law of this private contract is the agreement of the parties supported by the Law Merchant and applicable maxims of law established by silence, acquiescence and tacit agreement;

4. That, Affiant at no time has requested or accepted extraordinary benefits or privileges from the Respondent or any subdivision or assign;

5. That, the Affiant, for the purpose of certifying a response or want thereof, did present a "qualified written request" according to Section 6 of the Real Estate Settlement Act [RESPA] for a "Request for Debt Validation pursuant to the Fair Debt Collection Practices Act," and any legal written documentation for proof from the Respondent that they have the authority to receive mortgage payments for 9930 Spruce Ridge Dr. Converse Texas 78109, by Certified Mail, No 7011 1570 0001 1090 8797, Return Receipt Requested, prepaid and addressed to Respondent;

6. That, Respondent accepted "qualified written request with Request for Debt Validation on or around 28 OCTOBER 2013;

7. That, Respondent had Thirty (30) days to respond and validate the alleged debt obligation;

8. That, after receiving said presentment, Respondent chose to refuse to respond or otherwise failed to answer and validate the alleged debt by providing to the Affiant with the necessary requested answers, documents, information and validation, thereby placing themselves in a position of fault;

9. That, on 25 October 2013, Affiant sent to Respondent, a "Notice of Fault and Opportunity to Cure and Perform" in Re "Qualified Written Request" according to RESPA and for Debt Validation Pursuant to Fair Debt Collections Practices Act, sent by Certified Mail No 7011 1570 0001 1098 8797, Return Receipt Requested;

10. That, Respondent accepted "Notice of Fault Opportunity to Cure" on or around 28 October 2013; It has been more than forty-nine (49) days since a qualified written request for Debt Validation Pursuant to the Fair Debt Collections Practices Act, with no answer received.

11. That, Respondent had Five (5) days (Plus Three (3) days for mailing) to respond and validate the debt and this is the Forty-ninth (49th) day without response;

13. That, under The Law Merchant, 15 USC 1692 et seq, Uniform Commercial Code, Maxims of Law, and Supreme Court Rulings, Respondent had a legal and moral obligation to respond to questions identifying the real party in interest, the holder in due course, and their authority to act;

14. That, Respondent was silent on these matters;

15. That, Respondent's silence can only be equated to fraud where there is a legal and moral duty to speak or where an inquiry left unanswered would be intentionally misleading;

16. That, Respondents silence is also his tacit agreement that there is no real party in interest, no witnesses against Affiant, no valid cause of action, no valid claim with which relief can be granted, no party with any standing against Affiant, no justiciable controversy, no subject matter jurisdiction, no in persona jurisdiction.

17. That, Respondent's silence activates estoppel;

18. That, Affiant is dependent on that estoppel for his remedy.

19. That, Respondent's further harassment of Affiant on this matter would be injurious to Affiant;

20. That, any Respondent action relative to this matter causing arrest of Affiant or encumbrance to Affiants personal property under these circumstances would be an unwarranted violation of Affiant's inalienable and constitutional rights;

21. That, punitive damages for such violations is $10,000 dollars, per violation, in functional currency of the United States;

22. That, Respondent agrees to pay compensatory and punitive damages created or caused to Affiant by Respondent;

23. Respondent has no Claim as evidenced and established by their silence in violation of, but not limited to, 15 USC §1692, et seq;

Further, Affiant Sayeth Not.

Dated this _____ day of _____, 2013.

Without Prejudice, UCC 1-308

_____
Theresa-Faye: Jerry Authorized Representative for
THERESA FAYE JERRY

CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the foregoing was provided by Certified Mail, Return Receipt Requested, POWER DEFAULT SERVICES, 2002 Summit Blvd. Suite 600, Atlanta, Georgia 30319 this _____ day of DECEMBER 2013.

Date:_____        By:_____
                                     Theresa F. Jerry, Authorized Representative

J U R A T

STATE OF TEXAS        )
                      ) ss
COUNTY OF BEXAR       )

SUBSCRIBED AND SWORN TO (or affirmed) BEFORE ME on this _____ day of _____, 2013, by Theresa-Faye: Jerry, who proved to me on the basis of satisfactory evidence to be the woman who appeared before me.

_____Seal
- Place Notary Signature Above -

# Affidavit of Negative Averment

9930 SPRUCE RIDGE DR.
CONVERSE, TEXAS 78109

16 DECEMBER 2013

TO: POWER DEFAULT SERVICES, INC.
2002 SUMMIT BLVD. SUITE 600
ATLANTA, GEORGIA 30319
Ref: LOAN # 7145452061

USPS CERT MAIL #7011 1570 0001 1090 8858

**NOTICE TO PRINCIPAL IS NOTICE TO AGENT**
**NOTICE TO AGENT IS NOTICE TO PRINCIPAL**

I, Theresa-Faye: Jerry, hereinafter "Affiant," a living, breathing woman, being over the age of twenty-one years, competent to testify, with first-hand knowledge do affirm, say and declare by my signature that:

1. **That Power Default Services, Inc., hereinafter "Respondent," has not presented Affiant with any evidence of contracts, documents, agreements, orders or laws that gave rise to the alleged debt obligation or liability** to Respondent, and Affiant believes that not any evidence exist.

2. That Respondent has not presented Affiant with any evidence that their party is a bona-fide party in interest to the alleged debt obligation and will produce said original signed contract for my own and a Judge's inspection should there be a trial to contest these matters and Affiant believes that not any evidence exist.

3. That Respondent has not presented Affiant with any evidence of the names and addresses of all persons, corporations, associations, legal firms, or any other parties or entities having an interest in the collections or legal proceedings regarding the alleged debt obligation and Affiant believes that not any evidence exist.

4. That Respondent has not presented Affiant with any evidence that Power Default Services, Inc., the State of Georgia and the State of Texas have NO obligation to the Uniform Commercial Code or the Texas Commercial Code and Affiant believes that not any evidence exist.

5. That Respondent has not presented Affiant with any evidence that, as a debt collector, Respondent have not purchased evidence of debt and are proceeding with this collection activity solely in the name of the original contracting party and Affiant believes that not any evidence exist.

6. That Respondent has not presented Affiant with any evidence that they knew and/or understood that certain clauses in a contract of adhesion are unenforceable unless the party to whom the contract was extended could have selectively rejected the clause and Affiant believes that not any evidence exist.

7. That Respondent has not presented Affiant with any evidence of Respondent's authority to act in this matter or a **certified copy** of their **written contract** identifying their "Principal-Agent" relationship with the alleged client and Affiant believes that not any evidence exist.

8. That Respondent has not presented Affiant with any evidence of Respondent's license and oath of office or their public hazard bonding information confirming that they are not violating 15 USC 1692(e) and Affiant believes that not any evidence exist.

9. That Respondent has not presented Affiant with any evidence of the account and general ledger showing the full accounting of the alleged obligation, signed and sworn by the person responsible for maintaining the records and having first-hand knowledge as to their accuracy and authenticity, and able to testify in court, and Affiant believes that not any evidence exist.

Further, Affiant Sayeth Not.

Dated this _____ day of _____, 2013.

Without Prejudice, UCC 1-308

_____
Theresa-Faye: Jerry Authorized Representative for
THERESA FAYE JERRY

CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the foregoing was provided by Certified Mail, Return Receipt Requested, to POWER DEFAULT SERVICES, 2002 Summit Blvd. Suite 600, Atlanta, Georgia 30319 on this _____ day of DECEMBER 2013.

Date:_____        By:_____
                                    Theresa F. Jerry, Authorized Representative

J U R A T

STATE OF TEXAS        )
                      ) ss
COUNTY OF BEXAR       )

SUBSCRIBED AND SWORN TO (or affirmed) BEFORE ME on this _____ day of _____, 2013, by Theresa-Faye: Jerry, who proved to me on the basis of satisfactory evidence to be the woman who appeared before me.

_____ Seal
- Place Notary Signature Above -



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☑ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Shawn Mitchell

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Power Default Services
2002 Summit Blvd.
Suite 600

Atlanta, Georgia
30319

3. Service Type
☑ Certified Mail   ☐ Priority Mail Express™
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7011 1570 0001 1090 8858

PS Form 3811, July 2013   Domestic Return Receipt



**US Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ $11.25 | 12/18/2013 |

Sent To: Power Default Services, Inc.
Street, Apt. No.; or PO Box No. 2002 Summit Blvd Suite 600
City, State, ZIP+4 Atlanta, Georgia 30319

Power Default Services, Inc.
PO Box 9104
Temecula, CA 92589-9104

Send Correspondence to:
Power Default Services, Inc.
2002 Summit Boulevard
Suite 600
Atlanta, GA 30319

22793880079

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

TSN: 2013-06030
20131212-195

Theresa F. Jerry

9930 Spruce Ridge
Converse, Texas 78109-2732

Power Default Services
and Power Loan Servicing
LLC already in estopel for
non-response according to
RESPA b

TXNTS_FirstClass



# Notice of Substitute Trustee Sale

T.S. #: 2013-06030

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**Date, Time, and Place of Sale** - The sale is scheduled to be held at the following date, time and place:

Date: 1/7/2014

Time: The sale will begin no earlier than 10:00 AM or no later than three hours thereafter. The sale will be completed by no later than 1:00 PM

Place: Bexar County Courthouse in San Antonio, Texas, at the following location: Courthouse; specifically the South steps of the Bexar County Courthouse OR IN THE AREA DESIGNATED BY THE COMMISSIONER'S COURT, PURSUANT TO SECTION 51.002 OF THE TEXAS PROPERTY CODE

**Property To Be Sold** - The property to be sold is described as follows:

LOT 23, BLOCK 5, CAMELOT SUBDIVISION, UNIT 63, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9400, PAGE(S) 221-222, DEED AND PLAT RECORDS OF BEXAR, TEXAS.

**Instrument to be Foreclosed** - The instrument to be foreclosed is the Deed of Trust is dated 6/22/2006, and is recorded in the office of the County Clerk of Bexar County, Texas, under County Clerk's File No 20060148332 recorded on 6/23/2006 in Book 12208 Page 1571 of the Real Property Records of Bexar County, Texas.

| | | | |
|---|---|---|---|
| Trustor(s): | **THERESA F. JERRY** | Original Beneficiary: | **ARGENT MORTGAGE COMPANY, LLC** |
| Current Beneficiary: | **Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-M2** | Loan Servicer: | **Ocwen Loan Servicing, LLC** |
| | | Current Substituted Trustees: | **Deborah Martin or Terri Martin or Deanna Ray, Daniel Feinstein, Stephanie Spurlock, Laterrika Thompkins, Porsche Smiley, and Tunisha Jennings** |



The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

Terms of Sale - The sale will be conducted as a public auction to the highest bidder for cash, subject to the provisions of the deed of trust permitting the beneficiary thereunder to have the bid credited to the note up to the amount of the unpaid debt secured by the deed of trust at the time of sale. Prospective bidders are strongly urged to examine the applicable property records to determine the nature and extent of such matters, if any. Pursuant to the deed of trust, the beneficiary has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property. Pursuant to section 51.009 of the Texas Property Code, the property will be sold in "as is, where is" condition, without any express or implied warranties, except as to the warranties of title (if any) provided for under the deed of trust. Prospective bidders are advised to conduct an independent investigation of the nature and physical condition of the property. Pursuant to section 51.0075 of the Texas Property Code, the trustee reserves the right to set further reasonable conditions for conducting the sale. Any such further conditions shall be announced before bidding is opened for the first sale of the day held by the trustee or any substitute trustee.

Trustee - whereas, the Trustee named in the Deed of Trust having been removed, the legal holder of the indebtedness described in the Deed of Trust appointed Deborah Martin or Terri Martin or Deanna Ray, Daniel Feinstein, Stephanie Spurlock, Laterrika Thompkins, Porsche Smiley, and Tamisha Jennings or either of them, as Substitute Trustee (each being referred to as the "Substitute Trustee), upon the contingency and in the manner authorized by the Deed of Trust: and

Type of sale - The sale is a non-judicial deed of trust lien and security interest foreclosure sale being conducted pursuant to the power of the sale granted by the deed of trust executed by THERESA F. JERRY. The real property and personal property encumbered by the deed of trust will be sold at the sale in accordance with the provisions of the deed of trust and as permitted by section 9.604(a) of the Texas Business and Commerce Code.

Obligations Secured - The deed of trust provides that it secures the payment of the indebtedness and obligations therein described (collectively the "Obligations") including by not limited to (1) the promissory note in the original principal amount of $88,650.00, executed by THERESA F. JERRY, and payable to the order of ARGENT MORTGAGE COMPANY, LLC; (2) all renewals and extensions of the note; and (3) any and all present and future indebtedness of THERESA F. JERRY to THERESA F. JERRY. Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-M2, is the current owner and holder of the Obligations and is the beneficiary under the Deed of Trust.

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Questions concerning the sale may be directed to the undersigned or to the beneficiary:
**Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-M2**

c/o Ocwen Loan Servicing, LLC
1661 Worthington Rd., Suite 100
West Palm Beach, FL 33409
561-682-8000

Dated: 12-9-13        Deborah Martin or Terri Martin or Deanna Ray, Daniel Feinstein, Stephanie
                     Spurlock, Laterrika Thompkins, Porsche Smiley or Tunisha Jennings,

Telephone: (866)-960-8299
Fax: (866)-960-8298

AFTER RECORDING, PLEASE RETURN TO:
Power Default Services, Inc.
2002 Summit Boulevard, suite 600
Atlanta, Georgia 30319
Attn: Trustee Department



## NOTICE OF ACCELERATION OF MATURITY

Date:

Loan No. 7145452061
T.S. No. 2013-06030

Re: $88,650.00 promissory note (the "Note", whether one or more) dated 6/22/2006, executed by THERESA F. JERRY, and payable to the order of ARGENT MORTGAGE COMPANY, LLC as therein provided, secured by a deed of trust (the "Deed of Trust") dated 6/22/2006 of even date therewith, and recorded in Bexar County, Texas, covering the property described in the enclosed Notice of Substitute Trustee's Sale.

THERESA F. JERRY
9930 Spruce Ridge
Converse, Texas 78109

You have previously been advised by letter dated 9/5/2013, of certain defaults under the Note or Deed of Trust and informed of the intent to accelerate the maturity date of the Note if defaults therein were not cured within the specified time period. Because of defaults in complying with the terms and provisions of the Note and Deed of Trust, notice is hereby given that the present legal holder of the Note <u>HAS ACCELERATED THE MATURITY DATE OF THE NOTE</u>. As a result of such acceleration, the entire unpaid principal balance of the Note and all accrued interest and all other sums lawfully owing on the Note or under the Deed of Trust are now due and payable and demand is hereby made for the immediate payment in full of all such sums. As of 12/4/2013, the total amount due is $82,133.84.

YOU WILL, THEREFORE, TAKE NOTICE that, pursuant to Section 51.002 of the Texas Property Code, a Notice of Substitute Trustee's Sale (the "Notice") will be posted at the courthouse door of Bexar County, Texas, and a copy of the Notice will be filed in the office of the County Clerk of Bexar County, Texas. A copy of the Notice is enclosed herein.



# NOTICE OF ACCELERATION OF MATURITY

Loan No. 7145452061
T.S. No. 2013-06030

You are further notified that, in accordance with the terms of the Deed of Trust, and subject to the provisions, if any, in the Note or Deed of Trust regarding your opportunity to reinstate, if payment in full of the outstanding principal balance of the Note, together with all interest accrued thereon and all other lawful charges and attorney's fees incurred to date are not received before the foreclosure sale, the liens created under the Deed of Trust will be foreclosed on 1/7/2014, as specified in the Notice, and any sums received at the foreclosure sale shall be applied as set forth in the Deed of Trust. As of 12/4/2013, the amount necessary for you to pay in order to cure the existing defaults and reinstate your loan is $6,375.01. This amount is only an estimate and is subject to change, the borrower should contact the servicer for an updated reinstatement amount.

In the event the subject property is sold at foreclosure for an amount not sufficient to satisfy the entire unpaid balance of the Note plus accrued but unpaid interested thereon plus escrow charges, late charges, default interest, trustee's fees, attorney's fees, and expenses incurred in connection with the foreclosure, you may be liable for the deficiency.

If you have received a discharge in bankruptcy, the lender does not seek a monetary judgment against you but only seeks possession of the collateral which is security for the debt.

Dated: 12-9-13

Deborah Martin or Terri Martin or Deanna Ray, Daniel Feinstein, Stephanie Spurlock, Laterrika Thompkins, Porsche Smiley or Tunisha Jennings

Exhibit F

**RBFCU**

**$325dols00cts**

LAW OFFICE OF KENNETH GRUBBS

HOME MORTGAGE CASE

⑆2800751⑆ ⑈314089681⑈ 99900005⑈

2800751

**RBFCU**

May 10, 2013

For your next car loan, call Express lending at 210-945-3300 or 1-800-580-0531

Cashier's Check

XXXX380-1  LAW OFFICE OF KENNETH GRUBBS
HOME MORTGAGE CASE

**NON-NEGOTIABLE**

2800751

Cashier's Check                                                May 10, 2013

XXXX380-1    LAW OFFICE OF KENNETH GRUBBS                         325.00

16109/00057
         HOME MORTGAGE CASE

**RBFCU☆**
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

**2818234**

30-8968/3140

June 3, 2013

*Remitter:* THERESA F JERRY

R.B.F.C.U. **$225dols00cts**

*Pay to the order of:* LAW OFFICE OF KENNETH GRUBBS

$******225.00**

HOME MORTGAGE CASE

*Cashier's Check*



AN INSURANCE COMPANY BOND MAY BE REQUIRED BEFORE THIS CHECK
WILL BE REPLACED IN THE EVENT IT IS LOST, MISPLACED, OR STOLEN.

⑆2818234⑆ ⑈314089681⑇ 99900005⑈

---

**2818234**

**RBFCU☆**
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

June 3, 2013

For your next car loan, call Express Lending at 210-945-3300 or 1-800-580-2331

Cashier's Check

XXXX380-1    LAW OFFICE OF KENNETH GRUBBS                                          225.00
        HOME MORTGAGE CASE

NON-NEGOTIABLE

**2818234**

Cashier's Check                                                                   June 3, 2013

XXXX380-1    LAW OFFICE OF KENNETH GRUBBS                                          225.00

16117/00008
        HOME MORTGAGE CASE

RB/FCU

Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

2849503

30-8968/3140

July 8, 2013

*Remitter:* THERESA F JERRY

R.B.F.C.U. $100dols00cts

*Pay to the order of:* LAW OFFICE OF KENNETH GRUBBS

HOME MORTGAGE CASE

$*******100.00**

*Cashier's Check*

AN INSURANCE COMPANY BOND MAY BE REQUIRED BEFORE THIS CHECK
WILL BE REPLACED IN THE EVENT IT IS LOST, MISPLACED, OR STOLEN.

⑆2849503⑆ ⑈314409862⑈ 7790000 5⑆

2849503

July 8, 2013

For your next car loan, call Express Lending at 210-945-3300 or 1-800-580-2331

Cashier's Check

XXXX380-1    LAW OFFICE OF KENNETH GRUBBS                                        100.00
             HOME MORTGAGE CASE

 RBFCU                    NON-NEGOTIABLE

2849503

Cashier's Check                                                            July 8, 2013

XXXX380-1    LAW OFFICE OF KENNETH GRUBBS                                        100.00

06103/00190
             HOME MORTGAGE CASE

## RBFCU ★
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

**2976428**

30-8968/3140

December 18, 2013

Remitter: THERESA F JERRY



R.B.F.C.U. $1,400dols00cts

Pay to the
order of: LAW OFFICE OF KENNETH GRUBBS

$****1,400.00**

HOME MORTGAGE CASE

*Cashier's Check*

AN INSURANCE COMPANY BOND MAY BE REQUIRED BEFORE THIS CHECK
WILL BE REPLACED IN THE EVENT IT IS LOST, MISPLACED, OR STOLEN.

⑈ 2976428 ⑈    ⑈ 314089681 ⑈    999000005 ⑈

---

**2976428**

## RBFCU ★
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

December 18, 2013

For your next car loan, call **Express Lending** at 210-945-3300 or 1-800-580-2331

Cashier's Check

XXXX438-1    LAW OFFICE OF KENNETH GRUBBS                    1,400.00
             HOME MORTGAGE CASE

**RECEIPT**    No. 45??25

DATE 12·18·13

FROM MRS JERRY          $1400

ne thousand four hundree DOLLARS

FOR RENT  Paymen

FOR

ACCT.

PAID  14o      ○CASH
○CHECK    FROM Jerry    TO
○MONEY ORDER  BY MMigue
DUE       ○CREDIT CARD

A-1152
T-4161

**TIABLE**

**2976428**

December 18, 2013

1,400.00

XXXX438-1    LAW OFFICE OF KENNETH GRUBBS                    1,400.00

16103/00067
             HOME MORTGAGE CASE

**2995982**



**RBFCU** ★
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

January 14, 2014

For your next car loan, call Express Lending at 210-945-3300 or 1-800-580-2331

Cashier's Check

XXXX438-1    LAW OFFICES OF KENNETH GRUBBS                     450.00
             HOME MORTGAGE CASE

# NON-NEGOTIABLE

**2995982**

Cashier's Check                                          January 14, 2014

XXXX438-1    LAW OFFICES OF KENNETH GRUBBS                     450.00

16119/00042
             HOME MORTGAGE CASE

This check contains several security features • Details on back. Do not accept this check without these features

**3029145**

30-8968/3140

RBFCU
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

February 27, 2014

*Remitter:*  THERESA F JERRY

 R.B.F.C.U. $200dols00cts                    $******200.00**

*Pay to the order of:*  LAW OFFICE OF KENNETH GRUBBS

MORTGAGE CASE

*Cashier's Check*



AN INSURANCE COMPANY BOND MAY BE REQUIRED BEFORE THIS CHECK
WILL BE REPLACED IN THE EVENT IT IS LOST, MISPLACED, OR STOLEN.

⑈3029145⑈    ⑆314089681⑆ 999000005⑈

---

**3029145**

RBFCU
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

February 27, 2014

For your next car loan, call Express Lending at 210-945-3300 or 1-800-580-2331

Cashier's Check

XXXX380-1    LAW OFFICE OF KENNETH GRUBBS                                200.00
             MORTGAGE CASE

---

NON-NEGOTIABLE

---

**3029145**

Cashier's Check                                                February 27, 2014

XXXX380-1    LAW OFFICE OF KENNETH GRUBBS                                200.00

07105/00106
             MORTGAGE CASE



...CU★
...ph-Brooks Federal Credit Union
...2097 Universal City, TX 78148-2097

...tter:   THERESA F JERRY                                                                      3033132
                                                                                                30-8968/3140

                                                                                          March 3, 2014

...y to the
...er of:   LAW OFFICE OF KENNETH GRUBBS

          MORTGAGE CASE                                                              $*******73.00**

          *Cashier's Check*

NSURANCE COMPANY BOND MAY BE REQUIRED BEFORE THIS CHECK
. BE REPLACED IN THE EVENT IT IS LOST, MISPLACED, OR STOLEN.

⑆303313 2⑆    ⑈314089681⑈ 999000005⑈

---



RBFCU★
...ndolph-Brooks Federal Credit Union
). Box 2097, Universal City, TX 78148-2097

                                                                                          3033132

                                                                                          March 3, 2014

    For your next car loan, call Express Lending at 210-945-3300 or 1-800-580-2331

:shier's Check

:XX380-1    LAW OFFICE OF KENNETH GRUBBS                                                  73.00
            MORTGAGE CASE

---

# NON-NEGOTIABLE

                                                                                          3033132

:shier's Check                                                                            March 3, 2014

:XX380-1    LAW OFFICE OF KENNETH GRUBBS                                                  73.00

'102/00219
            MORTGAGE CASE

CAUSE NO. 42-E-14-01207

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AND ROBERT VALDESPINO AS TRUSTEE<br><br>Plaintiffs<br><br>v.<br><br>THERESA JERRY<br><br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE JUSTICE COURT<br><br><br><br>PRECINCT 4,<br><br><br><br><br><br>BEXAR COUNTY, TEXAS |

**DEFENDANT'S NOTICE OF APPEAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Come on now, Defendant and files this her notice of appeal pursuant to Texas Rules of Civil Procedure Rule 749 and would show as follows:

1. Judgement was rendered in the cause against the Defendants on MAY 2, 2014
2. Pursuant to the Rule Notice was filed within FIVE (5) DAYS
3. Pursuant to the Rules of this Court, a Surety Appeal Bond is filed with this notice of appeal.

pectfully Submitted,



_____
neth E. Grubbs
orney for Defendant
N:00798225
1 Woodcock, Ste C-120
Antonio, Texas 78228
0) 490-1292
0) 499-4587

**RECEIPT**

No. 346613

DATE 5/28/14

FROM Jerris Therese

$ 100 00

One hundred dollars 00/100 **DOLLARS**

○ FOR RENT
○ FOR Payment

| | | |
|---|---|---|
| ACCT. | 00 00 | ○ CASH |
| PAID | 100 00 | ○ CHECK |
| DUE | | ○ MONEY ORDER |
| | | ○ CREDIT CARD |

FROM _____ TO _____

BY MS

A-1152
T-4161

**RBFCU**
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

**3129491**

30-8968/3140

July 3, 2014

*Remitter:* THERESA F JERRY

*Pay to the order of:* LAW OFFICE OF KENNETH GRUBBS

R.B.F.C.U.**$100dols00cts**

$******100.00**

MORTGAGE CLAIM

*Cashier's Check*



AN INSURANCE COMPANY BOND MAY BE REQUIRED BEFORE THIS CHECK
WILL BE REPLACED IN THE EVENT IT IS LOST, MISPLACED, OR STOLEN.

⑈3129491⑈  ⑆314089681⑆ 999000005⑈

---

**RBFCU**
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

**3129491**

July 3, 2014

For your next car loan, call **Express** Lending at 210-945-3300 or 1-800-580-2331

Cashier's Check

XXXX380-1    LAW OFFICE OF KENNETH GRUBBS                    100.00
        MORTGAGE CLAIM

NON-NEGOTIABLE

**3129491**

Cashier's Check                                           July 3, 2014

XXXX380-1    LAW OFFICE OF KENNETH GRUBBS                    100.00

07123/00153
        MORTGAGE CLAIM

**RECEIPT**

No. 346654

DATE 7/11/14

FROM One hundred — 100 | $100.00

Ms. Jerry _____ DOLLARS

○ FOR RENT
⊙ FOR _____ Account

| ACCT. | 100 : 00 | ⊙ CASH |
|-------|----------|--------|
| PAID | 100 : 00 | ○ CHECK |
| DUE | | ○ MONEY ORDER |
| | | ○ CREDIT CARD |

FROM _____ TO _____

BY CN

A-1152
T-4161

## RBFCU★

**3139999**

30-8968/3140

Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

*Remitter:* THERESA F JERRY

July 21, 2014

*Pay to the order of:* LAW OFFICE OF KENNETH GRUBBS

R.B.F.C.U. $100dols00cts

$*******100.00**

MORTGAGE CASE

*Cashier's Check*



AN INSURANCE COMPANY BOND MAY BE REQUIRED BEFORE THIS CHECK
WILL BE REPLACED IN THE EVENT IT IS LOST, MISPLACED, OR STOLEN.

⑈3139999⑈    ⑆314089681⑆ 999000005⑈

**3139999**



Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

July 21, 2014

For your next car loan, call **Express** Lending at 210-945-3300 or 1-800-580-2331

Cashier's Check

XXXX438-1    LAW OFFICE OF KENNETH GRUBBS                    100.00
        MORTGAGE CASE

NON-NEGOTIABLE

**3139999**

Cashier's Check                                           July 21, 2014

XXXX438-1    LAW OFFICE OF KENNETH GRUBBS                    100.00

07126/00048
        MORTGAGE CASE

**RBFCU★**
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

3151120
30-8968/3140

*Remitter:* THERESA F JERRY

August 2, 2014

R.B.F.C.U.**$350dols00cts**

*Pay to the order of:* LAW OFFICE OF KENNETH GRUBBS

$******350.00**

MORTGAGE LAWSUIT

*Cashier's Check*



AN INSURANCE COMPANY BOND MAY BE REQUIRED BEFORE THIS CHECK
WILL BE REPLACED IN THE EVENT IT IS LOST, MISPLACED, OR STOLEN.

⑈3151120⑈    ⑆314089681⑈ 999000005⑈

---

3151120

**RBFCU★**
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

August 2, 2014

For your next car loan, call Express Lending at 210-945-3300 or 1-800-580-2331

Cashier's Check

XXXX380-1    LAW OFFICE OF KENNETH GRUBBS                                350.00
             MORTGAGE LAWSUIT

**NON-NEGOTIABLE**

3151120

Cashier's Check                                                    August 2, 2014

XXXX380-1    LAW OFFICE OF KENNETH GRUBBS                                350.00
07122/00141
             MORTGAGE LAWSUIT


**RBFCU** ★
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

22731

30-8968/3140

**Cashier's Check**

October 03, 2014

Ten and 00/100********************************************* **DOLLARS**

Pay to the
Order of   Law Office of Kenneth Grubbs

$********10.00

Theresa F. Jerry
Mortgage Case

_____
AUTHORIZED SIGNATURE

AN INSURANCE COMPANY BOND MAY BE REQUIRED BEFORE THIS CHECK
WILL BE REPLACED IN THE EVENT IT IS LOST, MISPLACED, OR STOLEN.

⑈022731⑈ ⑆314089681⑆     ⑈800000005⑈

---


**RBFCU** ★
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

22731

October 03, 2014

**********10.00

Law Office of Kenneth Grubbs

Theresa F. Jerry
Mortgage Case

Law Office of Kenneth Grubbs

# NON-NEGOTIABLE

22731

October 03, 2014

**********10.00

Law Office of Kenneth Grubbs

Mortgage Case
Theresa F. Jerry

| 2706 | Live Oak | | 10007 | 10-03-2014 | 10-03-2014 04:00:21 PM |



**RBFCU** ★

Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

**39602**

November 03, 2014

**********10.00

Law Offices of Kenneth Grubbs

Theresa F. Jerry
Mortgage Lawsuit

Law Offices of Kenneth Grubbs

# NON-NEGOTIABLE

**39602**

November 03, 2014

**********10.00

Law Offices of Kenneth Grubbs

Mortgage Lawsuit
Theresa F. Jerry

1846    Woodlake                     10016          11-03-2014          11-03-2014 11:14:44 AM

**39602**

November 03, 2014

**********10.00

Law Offices of Kenneth Grubbs

Mortgage Lawsuit
Theresa F. Jerry

1846    Woodlake                     10016          11-03-2014          11-03-2014 11:14:44 AM

LOAD THIS DIRECTION, THIS SIDE UP ➡

AGT 621564 LOC 000555 DT 010115 $10.00 10 DOLLARS AND NO CENTS

Law Office of Kenneth Grubbs ⇒ December Payment

Payable to:
RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT INFORMATION BELOW AND ON BACK. For your own records, it is recommended that you make a photocopy of the completed Money Order before providing it to the receiver.

PURCHASE AGREEMENT: You the purchaser agree that Western Union Financial Services Inc., (WUFSI) need not stop payment on, or replace, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide WUFSI with this original Money Order receipt issued by Western Union Financial Services Inc., Englewood, Colorado. For customer service, call 1-800-999-9660.

* 1 7 0 9 2 8 6 7 6 9 1 *

Payment for
December 2014

LOAD THIS DIRECTION, THIS SIDE UP ➡

MONEY ORDER RECEIPT - NON NEGOTIABLE

AGT 621564 LOC 000555 DT 010115 $10.00 10 DOLLARS AND NO CENTS

Law Office of Kenneth Grubbs ⇒ January 2015 payment

Payable to:
RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT INFORMATION BELOW AND ON BACK. For your own records, it is recommended that you make a photocopy of the completed Money Order before providing it to the receiver.

PURCHASE AGREEMENT: You the purchaser agree that Western Union Financial Services Inc., (WUFSI) need not stop payment on, or replace, or refund a lost or stolen WUFSI Money Order unless (1) you fill in the face of the Money Order at the time of purchase, and (2) you report the loss or theft to Western Union Financial Services Inc. in writing immediately, and (3) You provide WUFSI with this original Money Order receipt issued by Western Union Financial Services Inc., Englewood, Colorado. For customer service, call 1-800-999-9660.

* 1 7 0 9 2 8 6 7 6 9 2 *

LOAD THIS DIRECTION, THIS SIDE UP ➡
LOAD THIS DIRECTION, THIS SIDE UP ➡

This check contains several security features - Details on back. Do not accept this check without these features



**Randolph-Brooks Federal Credit Union**
P.O. Box 2097, Universal City, TX 78148-2097

96086

30-8968/3140

## Cashier's Check

February 03, 2015

Ten and 00/100******************************************************* DOLLARS

Pay to the
Order of   Law Office of Kenneth Grubbs

$**********10.00

Remitter: Theresa F. Jerry
Toward Balance

AUTHORIZED SIGNATURE

AN INSURANCE COMPANY BOND MAY BE REQUIRED BEFORE THIS CHECK
WILL BE REPLACED IN THE EVENT IT IS LOST, MISPLACED, OR STOLEN.

⑆096086⑆ ⑆314089681⑆ 180000005⑈

---

**RBFCU**
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2197

96086

February 03, 2015

**********10.00

Law Office of Kenneth Grubbs

Remitter: Theresa F. Jerry
Toward Balance

Law Office of Kenneth Grubbs

# NON-NEGOTIABLE

96086

February 03, 2015

**********10.00

Law Office of Kenneth Grubbs

Toward Balance
Remitter: Theresa F. Jerry

2685    Live Oak                    10007          02-03-2015          02-03-20



**RBFCU ★**
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

**115130**

30-8968/3140

Cashier's Check

March 03, 2015

DOLLARS

Ten and 00/100**********************************************************

Pay to the
Order of    **Law Office of Kenneth Grubbs**

$*********10.00

Theresa F. Jerry
Payment towards lawsuit balance on house

AUTHORIZED SIGNATURE

AN INSURANCE COMPANY BOND MAY BE REQUIRED BEFORE THIS CHECK
WILL BE REPLACED IN THE EVENT IT IS LOST, MISPLACED, OR STOLEN.

⑈115130⑈ ⑆314089681⑆ 180000005⑈



**RBFCU ★**
Randolph-Brooks Federal Credit Union
P.O. Box 2097, Universal City, TX 78148-2097

**115130**

March 03, 2015

Law Office of Kenneth Grubbs

**********10.00

Theresa F. Jerry
Payment towards lawsuit balance on house

Law Office of Kenneth Grubbs

# NON-NEGOTIABLE

**115130**

March 03, 2015

Law Office of Kenneth Grubbs

**********10.00

Payment towards lawsuit balance on house
Theresa F. Jerry

2430    Rigsby                    10024         03-03-2015          03-03-2015 12:35:08 PM

Exhibit G

# Affidavit of Facts Concerning Mortgage

## (This is a verified plain statement of Facts)

**State of Texas**

**County of Bexar**

I, Theresa F. Jerry, residing at 9930 Spruce Ridge Dr., do hereby swear under penalty that:

1.) I am over 21 years of age and competent enough to testify of my own knowledge of the facts stated herein.

2.) All the facts stated by me herein are true, correct and complete to the best of my knowledge and understanding.

Back in June of 2006 when I purchased my home, I wrote a check for $500.00 [Ernest money] and at closing submitted a cashier's check for $14,775.00. My monthly payment on a 30 year fixed rate was $706.93, and my principle balance was $88,650.00 with no penalty for early pay off. When I brought my home from Argent Mortgage, with Lawrence Young as Trustee, they immediately switched hands to AMC Mortgage Services (Ameriquest Mortgage Company) and my loan # was 0098685274. It has been noted that AMC Mortgage was acquired by Citigroup/Citi Residential on August 31, 2007. Not being made aware of that buy-out at the time, I was still sending my mortgage payments to AMC Mortgage, with them receiving the last payment from me October 29, 2007. It was not until approximately the 31 October of 2007 that I received a letter from Citi Residential Lending talking about a welcome package which I did not receive. My request for a loan modification had already been placed with AMC Mortgage to try and combine my mortgage, insurance and taxes. **"The question I now put forth is if Citi Residential Lending acquired Argent Mortgage on August 31, 2007, why did it take them one (1) year, five (5) months, two (2) weeks, and three (3) days to file the records in the Bexar County Courthouse?"**

**In November 2007, I received a letter from Citi Residential Lending dated October 4, 2007 about a notice of intention to foreclose for a breach in the note and security of my mortgage** at 9930 Spruce Ridge Drive, for a past due payment and late fees with a cure in the amount of $1,449.21, which tells me that the payments that I sent to AMC Mortgage for $913.86 and $70.70 respectively were not applied to my mortgage. As I continued to seek a modification for my home, I paid the $500.00 difference that was requested by Citi Residential, and was told by their staff, **"hold your payments until we finished working on the modification for your home."**

In January 2008, I received a letter from Citi Residential with a forbearance plan agreement by Sara Kaplan, and enclosed it stated a default amount of $2,660.09 for payments for October 1, 2007 through January 31, 2008, Appraisal fees, and inspection fees. First and foremost, I did not owe $2,827.72 in mortgage payments, and why was these appraisal and inspection fees applied to my account? Late February or early March the modification that I had

requested was denied, and I was told that I did not qualify. In April 2008, I received a letter from Erica Morales from Citi Residential stating that **"THEIR (FAULTY)"** forbearance **agreement had been cancelled for non-payment, even though I did not owe what they had stated, because I had already paid $2,191.49 from October 29,2007 through January 9, 2008. "WHERE IS THE MONEY?"** Because of AMC Mortgage/Citi Residential Lending's excessive tendency to not post my mortgage payments upon receipt, **assessing unwarranted fees,** and/or just pretending that they had not received payment, I started sending my payments certified, return receipt requested in a cashier's check. Documentation can be supplied upon request.

The second week of June in 2008, I received another letter from Citi Residential of notice of intention to foreclose for a breach in the note and security of my mortgage. On June 25, 2008 I called Citi Residential at 9:18am and spoke with Shantell and she only gave me information to bring my house current, even though I totally disagreed with the amount they said I was behind. July 19, 2008 I received a letter from Citi Residential about my property taxes. I called Citi and sent them copies of the deferment on my taxes, which are still active even though the taxes are current. Because of my disability and my home being burglarized on December 23, 2006 and **November 7, 2007, the tax deferment that I requested was granted by** Bexar County Appraisal District and Judson Independent School District. Letters were sent to Citi Residential Lending in reference to this. But even without a deferment my taxes would not have exceeded $2,781.43 through December 2007. According to my mortgage contract, I was only due half the taxes in 2006 which amounted to $964.85; the seller was obligated to pay the other half.

The second week of September 2008 I received yet another letter from Citi Residential of notice of intention to foreclose for a breach in the note and security of my mortgage. The duress that I received from their behavior has been insufferable. So in October 2008, I decided to try and obtain a loan modification again. In November 2008 I was denied again because Citi Residential stated that I did not send the additional information requested, which was not an **accurate statement due to me sending the information on several occasions. I received a letter from Citi dated November 14, 2008 of notice of intention to foreclose for a breach in the note** and security of my mortgage. The third week of December 2008 Citi Residential sent me another letter of a notice of intention to foreclose for a breach in the note and security of my **mortgage and tried to increase my monthly mortgage payments to $1,301.12, even though I had been on a fixed 30 year note. Citi Residential Lending continued to hold the monthly payments I was sending in without applying them to my mortgage, yet they kept assessing late fees to my** account. It is my opinion, that their actions were deliberately calculating and egregious, along with being deceptive in nature.

It was stated that Citi Residential paid out over $6,000.00 in property taxes in 2008, **which were not owed at the time because the total, that would have been owed by me did not** exceed more than $4,664.74, and due to Texas Property Tax Code 33.06 which placed my taxes **in deferment in 2007 because of extenuating circumstances. Secondly, if I were paying those**

property taxes at that time, the balance would approximately be $4,664.74, which would include half of 2006 taxes, and the specified amount of taxes from 2007 through December 31, 2008. Thirdly, there was an ongoing dispute with the Bexar County Appraisal District about the uneven distribution of property taxes among the residence in the area, and that they had been overpaid millions of dollars which had been brought to light on July 23, 2009. Refunds were sent back to Citi Residential, and American Home Mortgage Servicing/Homeward. I never received any refund, neither was I living in the State of Texas from October 1998 through June 2004, therefore it appears that I was charged for property taxes that I could not have owed.

In February 2009 my mortgage loan was transferred to American Home Mortgage Servicing Inc. (AHMSI), with my mortgage loan number being changed to 4001337056. "If Citi Residential Lending had just filed a CORPORATE ASSIGNMENT OF DEED OF TRUST in the Bexar County Courthouse on February 17, 2009 why would they transfer my mortgage loan to AHMSI the same month, and change my mortgage loan number?" What are they trying to hide? AHMSI stated that they were informed by Citi Residential Lending that my mortgage payments were $1,332.17 monthly and that I owe $9,660.54. The dispute about my monthly payment amount and what I owe went on for several months. In April 2009 I again requested a loan modification. During the second week of May 2009 I received a letter from AHMSI denying my loan modification because they said my net income was less than my monthly expenses. On August 29, 2009 I signed for a letter from AHMSI which stated that I was in default due to the non-payment of the 01/01/2009 and the subsequent payments. The problem I have with this statement is "WHERE DID THE MONEY GO?" January and February 2009 payments went to Citi Residential Lending and March through August 2009 payments went to AHMSI. On October 9, 2009 I received a letter from AHMSI dated September 28, 2009 informing me that I was not eligible for the Home Affordable Modification Program (HAMP), because the HAMP net present value test failed.

I signed for a letter November 13, 2009 dated November 9, 2009 from Moss Codilis, LLP representing AHMSI stating that I was in default, then I finally told them to produce the original note and if they could not they needed to stop harassing me. On January 4, 2010 Denise Tran stated that the reason my HAMP was denied was because I did not have enough income. She stated that I needed a letter from my daughter or someone stating that he/she sends me $250.00 a month to help with my home expenses (WOW). The harassment continued, but finally on March 1, 2010 I was given my 1st loan modification. The problems with this modification were they added $19,850.33 to my principle which took all of my equity out of my home, they charged me for unpaid delinquent interest, unpaid taxes which I had discussed earlier in this complaint, interest on secured advances, broker price option fees, and some type of property inspection fees. I would like to interject, that even if 5 years of taxes were assessed to my mortgage, it would only total approximately $9,253.52, but I was only in my house for approximately three (3) years and eight (8) months, so I am at a lost to how they possibly came up with $10,301.78 for 3 years and 8 months. They also increased my monthly mortgage

payments to $765.69 which was $58.76 more than I was originally paying, and put me on an adjustable rate until 2013. My argument is that the $19,850.33 that was added to my principle was unwarranted, although I would agree with the modification fees. It is my contention that AHMSI just wanted to strip all my equity out of my home which would place it underwater, and foreclose on me so they could use my home as rental property to advance their financial position.

Being pressured/forced to obtain a 2nd modification in March 2011, without receiving any explanation by AHMSI of the language therein, and not being given the time to seek legal counsel, I tried to get in touch with the negotiator Bryan Ray at American Home Mortgage Servicing Inc. so he could explain some of the terms and discrepancies within the contract. After several unsuccessful attempts of trying to get in touch with Mr. Ray, of the discrepancies which came into question, I was left with no alternatives. It was not until the weeks that followed when **I noticed a balloon amount of $77,387.32 which is almost the amount of my total principle, in** conjunction with the variable rate which I should not have had, delinquent taxes/unpaid insurance which I did not have, and a total principle amount owed which I did not have when I purchased my home in June 2006. Now, here I am 2 ½ years later with the same scenario: a breakdown in communication between myself and whomever hold the note to my mortgage loan, that did not feel it was necessary to send me any legal written documentation professing or proving that they hold the note to the property at 9930 Spruce Ridge Drive Converse, Texas 78109 and no payment statements for May or June, yet I will be the one who is penalized for their negligence. The stress and anxiety that I incurred because of these situations has prompted me to seek legal counsel on the matter, because I do not know what else to do, and this takes away from the money that I would apply to my mortgage payments. I am a distressed homeowner dealing with the repeated performances/occurrences of these mortgage servicers. It should be the mortgage servicers' fiduciary duty to conduct business in a fair and ethical manner.

**On December 30, 2012 I submitted a complaint against American Home Mortgage** Servicing Inc. to the Attorney General Greg Abbott in reference to the wrongful treatment and deception I received from the company. On March 6, 2013 I submitted another complaint **against American Home Mortgage Servicing Inc./Homeward Residential** to the Attorney General Greg Abbott in reference to a conversation I had with a staff member (Nivedita) of AHMSI/Homeward on February 19, 2013.

When American Home Mortgage Servicing Inc./Homeward Residential stop receiving my mortgage payments, with the last payment received by them in April 2013; I was not behind on my mortgage, I had not requested a modification, and I had to hire an attorney in May 2013 to **try and find out who was the legal holder of my mortgage note. On or about** July 17, 2013 I contacted the Consumer Financial Protection Bureau, case # 130717-000963 in complaint to my mortgage situation. American Home Mortgage Servicing Inc./Homeward response to the Bureau was that they sent me a letter informing me of the transfer of my mortgage back on February 25, 2013. There are several problems with this statement. First, I did not receive any letter in my mail neither did I sign for any letter to this fact. Secondly, if indeed the mortgage loan was

transferred as they state back in February, why did they continue receiving the mortgage payment through April 2013. Thirdly, when I spoke to Nivedita at American Home Mortgage Servicing Inc./Homeward on February 19, 2013 at 3:46pm, why did she not inform me that my **mortgage loan had been transferred? On September 13, 2013 I contacted** the Consumer Financial Protection Bureau again; case #130913-001608 in complaints to my mortgage situation.

For 162 days no one was able to tell me for a surety who had the authority to receive my mortgage payments, and I was not going to send payments to anyone who could not send me written legal proof, proving and/or professing that they held the note to my home and were legally authorized by law to receive payments on my mortgage note. The fact that Ocwen Loan Servicing LLC did not send me any legal written documentation ((payment statements, welcome letter, etc.) for 162 days I feel was a deliberate act to try and put me in default of my mortgage payments as an avenue for whomever to foreclose on my home. Ocwen Loan Servicing LLC was sent a **qualified written request** under Section 6 of the Real Estate Settlement Procedures Act **(RESPA)** on September 17, 2013, USPS # 7011 1570 0001 1090 8742, which was signed for on September 20, 2013. As of the day of this Affidavit, December 22, 2013, Ocwen Loan Servicing LLC., has not responded to the questions in the request presented.

September 13, 2013, the day I received the certified letter from Ocwen Loan Servicing LLC., I went to the Bexar County Courthouse here in San Antonio, Texas to search their databases to try and find the Deed of Trust that was registered in the database. Much to my surprise, I was told by the clerk at the courthouse that the **"only"** Deed of Trust with no allonges recorded in records at the Bexar County Courthouse was a copy that stipulated **Citi Residential Lending Inc, as ATTORNEY-IN-FACT for Argent Mortgage Company LLC., Deutsche Bank National Trust Company as Trustee for Argent Securities Inc. Asset-Backed Pass-Through Certificates, Series 2006-M2, under the Pooling and Servicing Agreement dated August 1, 2006.** Now if my understanding is correct, there must be adequate and proper consideration of a legal and binding contract of any kind. What I find strange is I signed my mortgage contract on June 22, 2006, they are dated by the servicing to a Pooling Agreement dated August 1, 2006 (40 days after I signed the original contract), yet it was not recorded in the Bexar County Courthouse until February 17, 2009, approximately 2 years 7 months 3 weeks and 5 days later. Can you possibly see my confusion with Ocwen Loan Servicing, Inc. and now Power Default Services Inc. who appears to be hiding under a cloud? Neither entity is mentioned under the **"only" Deed of Trust recorded at the Bexar County Courthouse here in San Antonio Texas, but the Deed of Trust which is recorded at the Bexar County Courthouse in San Antonio Texas is suspicious on its merits. The aforementioned Deed of Trust is not the Deed of Trust I signed.**

The person named as Vice President on the Corporate Assignment of Deed of Trust for Citi Residential (Bryan Bly), stated in a sworn deposition dated July 2, 2010 from 2:03pm-3:50pm on pages 17 and 18 that he had no past or present employment contracts at Citi Residential Lending and no corporate seals or corporate stamps for that company. Also, on page 34 of the deposition lines 14-25 he stated that even though his signature was on a document, he did not physically sign the document and an employee name Tom McKinnon scanned his

signature for counties that wanted E-recordings, and therefore they scanned this signature (document enclosed). On pages 56 through 58 Bryan Bly stated in his sworn deposition that he would sign from two (2) to five-thousand (5,000) documents in an eight (8) hour day, he never see the E-signatures, and he don't know when or how the notary-notarization is effected. **My question is how could documents signed in this manner be legal?** Furthermore, Susan Mills, although the Director of Management in Mortgage Finance at Citigroup at present, was noted as the Vice President of the company on the 10-K filings in 2007 and 2012 at the Security & Exchange Commission (SEC). Following you will find the link with the sworn testimonies' of Patricia Lindsay, Richard Bowen, and Richard Bitner, former employees of Citigroup, with Susan Mill's testimony who is a current employee http://fcic.law.stanford.edu/videos/view/2.

### The Texas Business and Commerce Code (UCC):

§3.203 *right to enforce the instrument. §cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument. §but negotiation of the instrument does not occur until the endorsement is made. §less than the entire instrument, negotiation of the instrument does not occur. The transferee obtains no rights under this chapter.*

§3.308 *In an action with respect to an instrument, the authenticity of and authority to make, each signature on the instrument are admitted, unless specifically denied in the pleadings. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity.*

### Texas Property Code:

§ 11.001 *Place of Recording*

§ 11.004 *Duty of Recorder*

§ 12.001 *Instruments Concerning Property*

§ 13.001 *Validity of unrecorded instrument*

After reviewing the evidence obtained and reading to get a sense of clarity concerning the Texas Business and Commerce Code & Texas Property Code, it was important for me to request written legal documentation to discern who the true holder is of the Deed Of Trust for the property at 9930 Spruce Ridge Dr., Converse Texas.

On October 21, 2013 I received a letter from a Power Default Services, Inc. (Atlanta Office) stating that my alleged mortgage loan has been referred to their office for foreclosure. Now, I am presented with another company who is only identifying itself as Power Default Services with no person of contact at this facility, which poses another problem. **"Who is this company and why are they not identifying a person of contact at this facility?"** No **signature on who sent the letter, just the company's name type in place of a signature.** On October 25, 2013 Power Default Services was sent a Debt Collector Validation of Debt and Disclosure Statement to their two separate offices: (a) Atlanta, Georgia 30319 and (b) Irving, Texas 75063, USPS # 7011 1570 0001 1090 8797 and 7011 1570 0001 1090 8803 with return receipt requested respectively, being received by C. Taylor and Peter Ngo on or about October

28, 2013. In my search for answers, I discovered that on August 19, 2013 Power Default Servicing Inc.'s, trademark status had been abandoned with no statement of use filed since its origination on January 31, 2008. This company was dormant for more than five (5) years, then on October 21, 2013 they refreshed their status, I contend, for the sole purpose of foreclosure on my property at 9930 Spruce Ridge Dr. Converse Texas 78109, and that their corporate office was located in Irving Texas; that is why I sent a qualified written request with a Debt Collector Validation of Debt and Disclosure Statement to both locations.

On December 16, 2013 I received a letter from Power Default Services, with forty-nine days without a response from anyone prior; who has refused by omission of responding to the **qualified written request according to RESPA, with a request for Debt Validation Pursuant to the Fair Debt Collections Practices Act.** Instead the letter sent stated that my home at 9930 Spruce Ridge Dr., Converse Texas is scheduled to be sold on the South steps of the Bexar County Courthouse on January 7, 2014 between 10:00am and 1:00pm. Since Power Default Services Inc., and Ocwen Loan Servicing, LLC. did not respond to the **qualified written request according to RESPA, with a request for Debt Validation Pursuant to the Fair Debt Collections Practices Act,** both companies were sent notarized copies of Affidavit of Default and Affidavit of Negative Averment, on December 18, 2013, USPS # 7011 1570 0001 1090 8810, 7011 1570 0001 1090 8858, and 7011 1570 0001 1090 8896 certified with return receipt requested. On December 23, 2013 Power Default Services, Irving Texas office, received package and it was sign by Bill Miches (spelling may be off because the signature is hard to discern). On December 27, 2013 I received a letter from National Trustee Services 3330 Cumberland Blvd, Suite 500, Atlanta Georgia 30339, stating they have authorization to stop the sale of my property once they are contacted. The only problem with this scenario is that the contact number has a Dallas-Fort Worth area code. I feel that the deceptions and scams just continues.

I have viewed all my documents and it is not my intention to mislead or submit false statements therefore, what I write to you today is accurate according to my immediate personal knowledge of the facts in question. I do not want anyone to be allowed to put my house up for foreclosure on the court house steps without having an opportunity to have my day in a Judicial proceeding and all the evidence presented.

State of Texas        )
                      ) ss:
County of Bexar       )

On This, the _____ day of _____, 2013, before me, a notary public, the undersigned

officer, personally appeared _____ who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument and acknowledge to me that she is the person who executed this instrument.
In WITNESS hereof, I hereunto set my hand and official seal.

_____        SEAL

Exhibit H



# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

1301 MCKINNEY
SUITE 3700
HOUSTON, TEXAS 77010

PHONE:  713.650.9700
FAX:     713.650.9701

www.bakerdonelson.com

August 22, 2014

***PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION***

Mr. Kenneth E. Grubbs                              *Via Facsimile: (210) 499-4587.*
Woodcock Building
4241 Woodcock Drive, Suite C-120
San Antonio, Texas 78228

Re:     Cause No. 2014-CI-05864; *Theresa Jerry v. Deutsche Bank National Trust
        Company and Robert Valdespino as Trustee;* 37th Judicial District Court, of
        Bexar County, Texas.
        Loan No. 7145452061 (the "Loan")
        Borrower:  Theresa Jerry ("Borrower")

Dear Mr. Grubbs:

I represent Defendant Deutsche Bank National Trust Company, as Trustee for Argent
Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-M2 ("Investor") in the
above-referenced litigation. I also represent Ocwen Loan Servicing, LLC ("Ocwen"), the current
servicer of the Loan. On behalf of the Investor, Ocwen offers to settle the above-referenced
litigation on the following terms.

1.   Ocwen agrees to modify the Loan on these terms:

   a.   Borrower makes an initial payment of $755.00 by **September 5, 2014.**
   b.   The first monthly payment is due October 1, 2014 in the amount of
        $755.00.  Modified loan balance (after applying initial payment) will be
        $108,299.24.
   c.   For the first 60 months, the modified interest rate will be 2.00%. The monthly
        payment will be $400.30 for principal and interest and $354.70 in escrow
        payments for taxes and insurance for a total monthly payment of $755.00. Please
        note that escrow payments will fluctuate as the taxes and insurance premiums
        fluctuate.
   d.   After 60 months, the modified interest rate will be 4.12% until the Maturity Date
        of July 1, 2036. The principal and interest component of the monthly payment
        will increase to $504.78, plus the appropriate escrow amount. Please note that
        escrow payments will fluctuate as the taxes and insurance premiums fluctuate.
   e.   A balloon payment in the amount of approximately $41,945.26 will be due at
        maturity. The maturity date will be July 1, 2036.

HO JPC02 768209 v1
2914856-005376

ALABAMA  •  FLORIDA  •  GEORGIA  •  LOUISIANA  •  MISSISSIPPI  •  TENNESSEE  •  TEXAS  •  WASHINGTON. D.C.

Mr. Kenneth E. Grubbs
August 22, 2014    2 | P a g e

2.  Borrower agrees to execute Ocwen's standard loan modification agreement and standard settlement agreement. **These agreements are not subject to negotiation** and include confidentiality provisions, as well as a release from Borrower of Ocwen and the Investor.

3.  Borrower agrees to release Ocwen and the Investor of all claims, causes of action, damages of any kind, (including reasonable or actual attorneys' fees) which were or could have been raised in, arise out of, relate to, or in any way, directly or indirectly, involve this litigation, the Property, the Note, the Mortgage, or the Loan.

4.  Borrower agrees to dismiss the above-referenced litigation with prejudice.

5.  The modification agreement is contingent on Ocwen's confirmation that title to the property is clear.

6.  All borrowers/parties to the deed of trust/owners of the Property must execute the loan modification and settlement agreements.

This offer expires at 5:00 p.m. on September 5, 2014 (unless earlier rescinded). If your client agrees to settle the litigation in this manner, please sign below and return to me. I look forward to hearing from you.

Regards,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

w/permission of Kali H. Jackson

Joseph P. Crescenzo, III

Borrower agrees to settle the litigation on the terms above.
Agreed to and approved by:

_____
Counsel for Plaintiff         Date

HO JPC02 788209 v1
2914856-005376

## CAUSE NO. 2014-CI-05864

| | | |
|---|---|---|
| THERESA JERRY<br><br>PLAINTIFF<br><br>V.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY<br><br>DEFENDANT | § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br>37TH. JUDICIAL DISTRICT<br><br><br><br><br>BEXAR COUNTY, TEXAS |

### MOTION TO WITHDRAW

TO HONORABLE SAID JUDGE OF COURT:

COMES NOW, Kenneth E. Grubbs, Attorney for THERESA JERRY hereinafter referred to as "client" and attorney of record in the above styled and numbered cause and moves the court for an order to withdraw as counsel of record and would show as follows:

I.. CLIENTS inability to fulfill CLIENTS obligation to Mr. Grubbs regarding the attorney's services, including the duty to pay the lawyers's fees. The clients have failed to cooperate or respond to numerous attempts to confer on their bill. At the current moment the client's address is 9930 SPRUCE RIDGE, CONVERSE, TEXAS 78109.

The client being given reasonable warning that the Mr. Grubbs would withdraw unless the obligation is fulfilled and considering further the representation would result in an unreasonable financial burden on the Mr. Grubbs in that the clients owes an additional $3,027.92 under the

client's current agreement, Mr. Grubbs believes that good cause exists for the Court to grant this motion.

## II.

Further, in compliance with rule 10 of the Texas Rules of Civil Procedure:

A. A copy of the Motion has been delivered to the client by certified and regular mail to the client's last known address.

B. The client has been notified in writing of the right to object to the motion

C. The client's last know address is as stated above

D. The client has been advised of all pending settings and deadlines in the case by the motion including the following:

1) NONE

## III. PRAYER

WHEREFORE, premises considered, Kenneth E. Grubbs, Attorney for the client, moves that the court grant the motion to withdraw and that Mr. Grubbs be allowed to withdraw as counsel of record for the client, in the above styled and numbered cause.

Respectfully Submitted,

_____

Kenneth E. Grubbs
Attorney at Law
4241 Woodcock Drive, Suite C-120
San Antonio, Texas 78228
SBN: 00798225
(210) 490-1292

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing has been sent to the client, and opposing counsel, in accordance with the Texas Rules of Civil Procedure.

_____

Kenneth E. Grubbs

## CAUSE NO. 2014-CI-05864

| | | |
|---|---|---|
| **THERESA JERRY** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **V.** | § | |
| | § | **37TH. JUDICIAL DISTRICT** |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY** | § | |
| | § | |
| | § | |
| **DEFENDANT** | § | |
| | § | |
| | § | **BEXAR COUNTY, TEXAS** |

### FIAT

TO ALL PARTIES:

Movant, Kenneth E. Grubbs, Motion for Withdraw will be heard in _____Court, in The Bexar County Courthouse on the 1ST. Floor room 109 on the ____ day of Sept 2014 at 8:30 a.m.

Presiding Judge
37th District Court
SEP 1 2 2014

Judge Presiding Bexar County, Texas

### CERTIFICATE OF SERVICE

A True and Accurate copy of this motion was served on the attorney for Respondent in Accordance with the Texas Rules of Civil Procedure.

9/12/2012

Kenneth E. Grubbs
Attorney for Plaintiff
SBN: 00798225
4241 Woodcock Drive, Suite C-120
San Antonio, Texas 78228
(210) 490-1292
(210) 499-4587 (fax)

2014 SEP 12 A 8:51
DEPUTY
BY _____

Exhibit I

September 23 2015

I, Theresa Jerry, hereby tender $200.00 dollars to the LAW OFFICES of _____ on 09.23.2015.

Hereby Received by:

_____
Theresa Jerry

Re: Filing and benefits

_____
CITING PASTOR JR.

Exhibit J



Ocwen Misdated Letter Claims
PO Box 4349
Portland, OR 97208-4349

**OCWEN**

857803560252

000 0095973 00000000 002 003 15996 0 0
THERESA JERRY
9930 SPRUCE RIDGE DR
CONVERSE, TX 78109-2732

October 5, 2015

Tracking Number: 72073
Loan Number: 7145452061 Loan Origination Date: 06/23/2006
Property Address: 9930 Spruce Ridge, Converse, TX 78109
Borrower(s): THERESA JERRY

Ocwen Loan Servicing, LLC ("Ocwen") has established a voluntary claim program to provide payments to eligible borrowers who may have received certain misdated letters from Ocwen and believe that they were negatively affected by these letters.

If you believe you were sent a misdated letter by Ocwen between **January 1, 2012** and **December 31, 2014**, and were subsequently referred to foreclosure, please submit the enclosed Claim Form by **May 2, 2016**. Your claim will be reviewed and you could receive a payment ranging from $300-$3,000 per loan depending upon the circumstances related to your loan.

Only borrowers who submit a claim are eligible to receive a payment. Once we receive your claim, your loan will be reviewed. We expect the majority of reviews will be completed within 180 days. Once processing of your claim is complete, you will be mailed a Review Notice. If your claim is approved, the Review Notice will include your check. As part of this claim program, each loan is only eligible for one payment.

If you have any questions, please call 1-877-919-9184, Monday through Friday from 9:00 a.m. to 9:00 p.m. Eastern Time or Saturday from 8:00 a.m. to 4:00 p.m. Eastern Time. You may also send an email to info@OcwenMisdatedLetterClaims.com.

Ocwen sincerely regrets any difficulty these letters may have caused and is committed to preventing such errors in the future.

**Notice Regarding Bankruptcy** - If you are currently involved in a bankruptcy case or have been discharged of your personal liability for the repayment of this debt, this notice is being provided for informational purposes only and is not an attempt to collect on any debt from you in violation of any applicable stays or injunctions arising out of your bankruptcy case.

**Questions? Call 1-877-919-9184 or email info@OcwenMisdatedLetterClaims.com**
*Si tiene preguntas, llame al 1-877-919-9184 o envíe un mensaje
por correo electrónico a info@OcwenMisdatedLetterClaims.com.*





**OCWEN**

# Misdated Letter Claim Form

857803560252

THERESA JERRY
9930 SPRUCE RIDGE DR
CONVERSE, TX 78109-2732

| Submit your claim by |
|---|
| **May 2, 2016** |

Tracking Number: 72073
Loan Number: 7145452061 Loan Origination Date: 06/23/2006
Property Address: 9930 Spruce Ridge, Converse, TX 78109
Borrower(s): THERESA JERRY

If you believe that you were negatively affected by a misdated letter you received from Ocwen, you may submit this Claim Form to receive a payment ranging from $300-$3,000 per loan. The exact amount of the payment will be based on how the misdated letter may have negatively affected you. This is a voluntary claim program and only those borrowers who submit claims are eligible to receive payments.

## Your Contact Information

**First Name**

**MI**

**Last Name**

**Phone No.**

**Email**

I am: ☐ Borrower ☐ Borrower's Attorney ☐ Other

## Claim Information

1.  What Ocwen letter(s) did you receive that you believe were misdated (check all that apply)?
    ☐ Payment Delinquency ☐ Loan Default ☐ Loss Mitigation ☐ HAMP ☐ Loan Modification
    ☐ Forbearance ☐ Foreclosure ☐ Short Sale ☐ Other _____

2.  After receiving the letter(s) that you believe were misdated, what foreclosure alternative, if any, were you offered (check all that apply)?
    ☐ Loan Modification ☐ Short Sale ☐ Deed-in-Lieu ☐ Other _____ ☐ N/A

3.  Was this property sold at foreclosure sale? ☐ Yes ☐ No

4.  Was this property your primary residence when these letter(s) were issued? ☐ Yes ☐ No

5.  OPTIONAL: You may use this space to provide additional information which may be helpful to Ocwen's review of your claim. For example, you may provide additional information about these letter(s) and/or information about how these letter(s) negatively affected you (attach additional pages if needed).

_____

_____

*Please turn over.*


01-CA8578
N9901 v.14 09.16.2015

**Questions? Call 1-877-919-9184**
**or email info@OcwenMisdatedLetterClaims.com**



 857803560252

THERESA JERRY
9930 SPRUCE RIDGE DR
CONVERSE, TX 78109-2732

Tracking Number: 72073
Loan Number: 7145452061
Loan Date: 06/23/2006

## Documents I am Providing

Attaching documents is optional and your claim will be considered even if you do not provide documents. Submitting documents may help us quickly and accurately process your claim. Provide only copies since these documents will not be returned to you.

☐ I have attached copies of Ocwen letter(s) that I believe were misdated.

Other documents I am providing: _____

_____

## Legal Acknowledgement and Signature

I certify that information on this form and any attached documents are truthful and correct to the best of my knowledge. I acknowledge that a maximum of one claim may be approved and paid for each loan (even if the loan has multiple borrowers). I understand that Ocwen Loan Servicing, LLC may review the accuracy of my statements.

| Borrower | Signature | Date | Signed by representative (attach proof of representation) |
|---|---|---|---|
| THERESA JERRY | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

**DO NOT COMPLETE THIS SECTION IF PREPRINTED MAILING ADDRESS LISTED ABOVE IS CORRECT**

Street Address:

City:     State:     ZIP Code:

## Submit your Claim Form by May 2, 2016:

**Mail:** Ocwen Misdated Letter Claims, PO Box 4349, Portland, OR 97208-4349
**Email:** info@OcwenMisdatedLetterClaims.com
**Fax:** 1-844-898-4508

02-CA8578
N9902 v.14 09.16.2015

USPOSTAGE
$00.439
OCT 06 2015
ZIP 97005
000805
21 3003424

PRESORTED
FIRST CLASS

Received in mail
October 13 2015

OOWEN

**Ocwen Misdated Letter Claims**
**PO Box 4349**
**Portland, OR 97208-4349**

8578036602B2

069 066971 00060000 001 003 15996 00000 0 0
THBRBSA JERRY
9930 SPRUCE RIDGE DR
CONVERSE, TX 78109-2732

**If you received a misdated**
**letter from Ocwen, you could be**
**eligible to receive a payment.**

160-AMB 78169

Exhibit K



**Citi Residential Lending**
P.O. Box 11000
Santa Ana, CA 92711-1000

*Notice received after Oct. 29, 2007*

October 04, 2007 ⇒

VIA Certified Mail RRR and First Class Mail

#BWNKZZS
THERESA F JERRY                    16959 / NMR
9930 SPRUCE RIDGE DR
CONVERSE, TX 78109-2732

||...||.|..||||..|.|...|.||..|.|.||..|.|.||.|||..|.||

### NOTICE OF INTENTION TO FORECLOSE

AVISO: Este documento explica como los propietarios de casas pueden evitar perder sus hogares debido a demoras de pagos. Para información en español llame a su prestamista.

Loan Number:    00986852747
Property Address:    9930 SPRUCE RIDGE, CONVERSE TX, 78109

Dear Borrower,

There has been a breach in the Note and Security Instrument securing this loan and it is our intention to institute foreclosure proceedings against the property identified in this notice and covered by the above loan number. The following constitutes said breach:

**✱✱** The payment of $706.93, which became due 09/01/07, and the late charge of $35.35, which became due 15 days after your due date, have not been received to date. *See date listed above*

**To cure this default and attempt to bring an end to these foreclosure proceedings, you must remit by 11/06/07, the minimum amount now due on your account which is $1449.21. Any additional sums that may have become due after the date of this letter should also be included in your payment.**

Only certified funds will be accepted (that is, a money order or cashier's check). Payments may be sent to P.O. Box 5926, Carol Stream, IL 60197-5926. *PLEASE NOTE: If the amount received is not the minimum amount due, your default will not be cured and foreclosure proceedings will continue.*

Failure to cure this breach on or before the date specified will result in our company declaring all the sums secured by this Security Instrument immediately due and payable, without further demand. We also intend to pursue any and all of our remedies, including judicial or non-judicial foreclosure, against the property identified in this notice. You have the right to pay all amounts owed, including all fees and advances, and to reinstate your loan with us after the acceleration of the due date of your loan. You also have the right to bring a court action to assert the non-existence of a default or any other defense against the acceleration and sale.

If it is your intention to cure the breach and retain this property, we urge you to call immediately to discuss the reason(s) for your default.

If you need additional assistance or counseling you may also find a Housing Counseling Agency in your area by calling Toll-free (800) 569-4287 or TDD (800) 877-8339.

Citi Residential Lending
(800) 430-5262

---

P.O. Box 11000, Santa Ana, CA 92711-1000          Toll Free (800) 430-5262          www.mycitiresidentialloan.com

Federal law requires us to notify you that we are acting as a debt collector and any information we collect from you will be used for the purpose of collecting your debt. Unless federal law otherwise prohibits, we may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. Please be advised that if your loan is in a bankruptcy or has been discharged, this is not an attempt to collect a debt but is sent to you for informational purposes only.

EFOBSMINCP/9-07

# Citi Residential Lending
P.O. Box 11000
Santa Ana, CA  92711-1000


**citi**

June 17, 2008

VIA Certified Mail RRR and First Class Mail

#BWNKZZS
THERESA F JERRY
9930 SPRUCE RIDGE
CONVERSE, TX 78109-2732

594 / NMR

ll..ll..l....llll..ll...l..ll.l....l..ll...ll..ll..ll.ll..l..l.l

## NOTICE OF INTENTION TO FORECLOSE

AVISO: Este documento explica como los propietarios de casas pueden evitar perder sus hogares debido a demoras de pagos. Para información en español llame a su prestamista.

Loan Number:        0098685274
Property Address:   9930  SPRUCE RIDGE, CONVERSE  TX, 78109

Dear Borrower,

There has been a breach in the Note and Security Instrument securing this loan and it is our intention to institute foreclosure proceedings against the property identified in this notice and covered by the above loan number.  The following constitutes said breach:

The payment of $706.93, which became due 05/01/08, and the late charge of $35.35, which became due 15 days after your due date, have not been received to date.

**To cure this default and attempt to bring an end to these foreclosure proceedings, you must remit by 07/22/08, the minimum amount now due on your account which is $1590.61.** Any additional sums that may have become due after the date of this letter should also be included in your payment.

**Only certified funds will be accepted (that is, a money order or cashier's check).** Payments may be sent to **P.O. Box 5926, Carol Stream, IL  60197-5926.** *PLEASE NOTE: If the amount received is not the minimum amount due, your default will not be cured and foreclosure proceedings will continue.*

Failure to cure this breach on or before the date specified will result in our company declaring all the sums secured by this Security Instrument immediately due and payable, without further demand.  We also intend to pursue any and all of our remedies, including  judicial or non-judicial foreclosure, against the property identified in this notice. You have the right to pay all amounts owed, including all fees and advances, and to reinstate your loan with us after the acceleration of the due date of your loan. You also have the right to bring a court action to assert the non-existence of a default or any other defense against the acceleration and sale.

If it is your intention to cure the breach and retain this property, we urge you to call immediately to discuss the reason(s) for your default.

If you need additional assistance or counseling you may also find a Housing Counseling Agency in your area by calling Toll-free (800) 569-4287 or TDD (800) 877-8339.

Citi Residential Lending
(800) 430-5262

Federal law requires us to notify you that we are acting as a debt collector and any information we collect from you will be used for the purpose of collecting your debt. Unless federal law otherwise prohibits, we may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. Please be advised that if your loan is in a bankruptcy or has been discharged, this is not an attempt to collect a debt but is sent to you for informational purposes only.
EF083M/NCF/9-07

**Citi Residential Lending**
P.O. Box 11000
Santa Ana, CA  92711-1000



VIA Certified Mail RRR and First Class Mail

#BWNKZZS
THERESA F JERRY                    206 / N R
9930 SPRUCE RIDGE
CONVERSE, TX 78109-2732

Il..Il.l...IIll..l.l...l.ll..l.l.ll..l.l.ll.ll..l.l.l

## NOTICE OF INTENTION TO FORECLOSE

AVISO: Este documento explica como los propietarios de casas pueden evitar perder sus hogares debido a demoras de pagos. Para información en español llame a su prestamista.

Loan Number:       0098685274
Property Address:   9930  SPRUCE RIDGE, CONVERSE  TX, 78109

Dear Borrower,

There has been a breach in the Note and Security Instrument securing this loan and it is our intention to institute foreclosure proceedings against the property identified in this notice and covered by the above loan number.  The following constitutes said breach:

The payment of $706.93, which became due 06/01/08, and the late charge of $35.35, which became due 15 days after your due date, have not been received to date.

To cure this default and attempt to bring an end to these foreclosure proceedings, you must remit by 10/22/08, the minimum amount now due on your account which is $3657.01.  Any additional sums that may have become due after the date of this letter should also be included in your payment.

**Only certified funds will be accepted (that is, a money order or cashier's check).** Payments may be sent to **P.O. Box 5926, Carol Stream, IL  60197- 5926.** *PLEASE NOTE:  If the amount received is not the minimum amount due, your default will not be cured and foreclosure proceedings will continue.*

Failure to cure this breach on or before the date specified will result in our company declaring all the sums secured by this Security Instrument immediately due and payable without further demand.  We also intend to pursue any and all of our remedies, including judicial or non-judicial foreclosure, against the property identified in this notice. You have the right to pay all amounts owed, including all fees and advances, and to reinstate your loan with us after the acceleration of the due date of your loan. You also have the right to bring a court action to assert the non-existence of a default or any other defense against the acceleration and sale.

If it is your intention to cure the breach and retain this property we urge you to call immediately to discuss the reason(s) for your default.

If you need additional assistance or counseling you may also find a Housing Counseling Agency in your area by calling Toll-free (800) 569-4287 or TDD (800) 877-8339.

Citi Residential Lending
(800) 430-5262

Federal law requires us to notify you that we are acting as a debt collector and any information we collect from you will be used for the purpose of collecting your debt. Unless federal law otherwise prohibits, we may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. Please be advised that if your loan is in a bankruptcy or has been discharged, this is not an attempt to collect a debt but is sent to you for informational purposes only.
EF08SN4/NCP15-07

# Citi Residential Lending



Nov. 11, 2008

*Documentation submitted on numerous occassions*

THERESA F JERRY
9930 SPRUCE RIDGE
CONVERSE, TX 78109

Re:           Loan Modification
Loan Number:     **0098685274**
Property Address:    9930 SPRUCE RIDGE
                      CONVERSE, TX 78109

Dear Homeowner(s),

This letter is in regards to your request for a Loan Modification. Upon review of the financial information and explanation you submitted, we are unable to approve a modification of your loan terms at this time. If your financial situation has changed, please contact us for further review and consideration.

Your request for a Loan Modification has been declined for the following reason(s):

☐ Does not meet program guidelines; or
☒ No response to our request for additional documentation; or
☐ Your withdrawal of request for modification

Other options may be available to you, to avoid losing your property to foreclosure. If you elect to sell your property, Citi Residential Lending, Inc. may be able to accommodate you with a reduced payoff of your loan if the appraised value is less than the balance owed. Please contact us for more information.

Please be advised, that we reserve the right to proceed with further action to enforce our rights under the terms of your loan, up to and including foreclosure.

Sincerely,

Citi Residential Lending, Inc.

Federal law requires us to notify you that we are acting as a debt collector and any information we collect from you will be used for the purpose of collecting your debt. Unless federal law otherwise prohibits, we may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. Please be advised that if your loan is in a bankruptcy or has been discharged, this is not an attempt to collect a debt but is sent to you for informational purposes only.

**Citi Residential Lending**
P.O. Box 11000
Santa Ana, CA 92711-1000



November 14, 2008

#BWNKZZS
THERESA F JERRY
9930 SPRUCE RIDGE
CONVERSE, TX 78109-2732

183 / NMR

VIA Certified Mail RRR and First Class Mail

## NOTICE OF INTENTION TO FORECLOSE

AVISO: Este documento explica como los propietarios de casas pueden evitar perder sus hogares debido a demoras de pagos. Para información en español llame a su prestamista.

Loan Number:        0098685274
Property Address:    9930 SPRUCE RIDGE, CONVERSE TX, 78109

Dear Borrower,

There has been a breach in the Note and Security Instrument securing this loan and it is our intention to institute foreclosure proceedings against the property identified in this notice and covered by the above loan number. The following constitutes said breach:

The payment of $706.93, which became due 07/01/08, and the late charge of $35.35, which became due 15 days after your due date, have not been received to date.

**To cure this default and attempt to bring an end to these foreclosure proceedings, you must remit by 12/19/08, the minimum amount now due on your account which is $5710.02? Any additional sums that may have become due after the date of this letter should also be included in your payment.**

**Only certified funds will be accepted (that is, a money order or cashier's check).** Payments may be sent to **P.O. Box 5926, Carol Stream, IL 60197-5926.** *PLEASE NOTE: If the amount received is not the minimum amount due, your default will not be cured and foreclosure proceedings will continue.*

Failure to cure this breach on or before the date specified will result in our company declaring all the sums secured by this Security Instrument immediately due and payable without further demand. We also intend to pursue any and all of our remedies, including judicial or non-judicial foreclosure, against the property identified in this notice. You have the right to pay all amounts owed, including all fees and advances, and to reinstate your loan with us after the acceleration of the due date of your loan. You also have the right to bring a court action to assert the non-existence of a default or any other defense against the acceleration and sale.

If it is your intention to cure the breach and retain this property we urge you to call immediately to discuss the reason(s) for your default.

If you need additional assistance or counseling you may also find a Housing Counseling Agency in your area by calling Toll-free (800) 569-4287 or TDD (800) 877-8339.

Citi Residential Lending
(800) 430-5262

P.O. Box 11000, Santa Ana, CA  92711-1000        Toll Free (800) 430-5262        www.mycitiresidentialloan.com

Federal law requires us to notify you that we are acting as a debt collector and any information we collect from you will be used for the purpose of collecting your debt. Unless federal law otherwise prohibits, we may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. Please be advised that if your loan is in a bankruptcy or has been discharged, this is not an attempt to collect a debt but is sent to you for informational purposes only.

EF085M/NCP/9-07

# Citi Residential Lending
P.O. Box 11000
Santa Ana, CA 92711-1000



December 22, 2008

#BWNKZZS
THERESA F JERRY
9930 SPRUCE RIDGE
CONVERSE, TX 78109-2732

179 / NMR

VIA Certified Mail RRR and First Class Mail

Il..Il.l....IllI..l.l....l.ll..l.ll..l.l.ll.ll..l.l.l

## NOTICE OF INTENTION TO FORECLOSE

AVISO: Este documento explica como los propietarios de casas pueden evitar perder sus hogares debido a demoras de pagos. Para información en español llame a su prestamista.

Loan Number: 0098685274
Property Address: 9930 SPRUCE RIDGE, CONVERSE TX, 78109

Dear Borrower,

There has been a breach in the Note and Security Instrument securing this loan and it is our intention to institute foreclosure proceedings against the property identified in this notice and covered by the above loan number. The following constitutes said breach:

The payment of $1301.12 which became due 09/01/08, and the late charge of $35.35, which became due 15 days after your due date, have not been received to date.

To cure this default and attempt to bring an end to these foreclosure proceedings, you must remit by 01/26/09, the minimum amount now due on your account which is $4972.05. Any additional sums that may have become due after the date of this letter should also be included in your payment.

**Only certified funds will be accepted (that is, a money order or cashier's check).** Payments may be sent to **P.O. Box 5926, Carol Stream, IL 60197-5926.** *PLEASE NOTE: If the amount received is not the minimum amount due, your default will not be cured and foreclosure proceedings will continue.*

Failure to cure this breach on or before the date specified will result in our company declaring all the sums secured by this Security Instrument immediately due and payable without further demand. We also intend to pursue any and all of our remedies, including judicial or non-judicial foreclosure, against the property identified in this notice. You have the right to pay all amounts owed, including all fees and advances, and to reinstate your loan with us after the acceleration of the due date of your loan. You also have the right to bring a court action to assert the non-existence of a default or any other defense against the acceleration and sale.

If it is your intention to cure the breach and retain this property we urge you to call immediately to discuss the reason(s) for your default.

If you need additional assistance or counseling you may also find a Housing Counseling Agency in your area by calling Toll-free (800) 569-4287 or TDD (800) 877-8339.

Citi Residential Lending
(800) 430-5262

P.O. Box 11000, Santa Ana, CA 92711-1000          Toll Free (800) 430-5262          www.mycitiresidentialloan.com

Federal law requires us to notify you that we are acting as a debt collector and any information we collect from you will be used for the purpose of collecting your debt. Unless federal law otherwise prohibits, we may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. Please be advised that if your loan is in a bankruptcy or has been discharged, this is not an attempt to collect a debt but is sent to you for informational purposes only.

EF08SMJNCP19-07